## In re SORENSON DRAINAGE DITCH.

Laws 1907, c. 134, § 1, empowers county commissioners to establish, and have constructed, a drain, and to provide for straigh-· tening or enlarging a drain previously constructed. Section 19 provides that the powers conferred by the act for establishing and constructing drains shall include the deepening and widening of any drains heretofore or hereafter constructed. Section 12, as amended by Laws 1909, c. 102, § 9, authorizes an appeal from a final order of the commissioners, establishing or denying the proposed drainage. **Held**, that an appeal from an order granting the enlargement of a ditch only to part of the extent asked for, all of which was claimed to be necessary for proper drainage of petitioner's land, is within the statute.

If it be held that the provisions of the drainage law respecting appeals are not sufficiently broad to include an appeal from an order of the county commissioners granting the enlargement of a ditch only to a certain extent, such an order being quasi judicial, appeal therefrom is authorized by Pol. Code, § 850, allowing an appeal from all decisions of the board of commissioners on matters properly before them.

(Opinion filed May 10, 1911.)

Appeal from Circuit Court, Turner County.    Hon. R. B. Tripp, Presiding Judge.

In the matter of the Sorenson Drainage Ditch.· The appeal therein of John Lakings from an order of the board of county commissioners to the circuit court was dismissed, and he appeals. Reversed.

*Bogue & Bogue*, for appellant.  *L. L. Fleeger* and *French & Orvis*, for respondents.

CORSON, J.  This matter is before us on appeal by John Lakings from a judgment of the circuit court dismissing his appeal taken from the order of the board of county commissioners of Turner county.

It is disclosed by the record that on June 1, 1909, the said appellant, with others, filed a petition with the board of county commissioners of said Turner county, in which they set forth, in substance, that in the summer of 1907 a drainage ditch was established in said county, known as the "Sorenson Drainage Ditch," extending over and through a number of quarter sections of land, among which was the quarter section owned by the appellant. The petition sets out very fully the proceedings resulting in the establishment of said ditch, by order of the county commissioners, on the 10th day of June, 1907, and that the same was designated the "Sorenson Drainage Ditch"; that the damages to the lands through which the drainage ditch runs was duly allowed and paid; and that the said drainage ditch was constructed and completed and has been so constructed and completed for more than one year last past; that the said drainage ditch so constructed and completed is wholly insufficient and inadequate to drain a portion of the lands through which the same runs, and which were assessed for benefits for the construction thereof; that the lands of the petitioners herein are greatly damaged by the construction of the said drainage, in that the said drainage ditch collects large and unusual quantities of water, and when the same reaches the point on the line of the present ditch 1,100 feet northwest of the intersection of said ditch with the east and west quarter line of section 17, township 97, range 53, in said county, the ditch is wholly insufficient in size to carry off the said waters so collected, and the same overflows the said ditch and runs out upon the lands adjacent to the said ditch from the above-described point along the line of the said ditch to where it terminates, and floods the said lands and destroys the crops and vegetation growing thereon for a considerable distance from the line of said ditch, and will continue to so destroy the crops upon said lands every year when we have heavy rains, or such rains as we have in ordinary seasons, unless the said ditch is deepened and widened and enlarged, so that the said ditch will carry all of the waters collected thereby from the lands above and adjacent thereto; therefore the undersigned landowners, who are assessed for the construction of the

said drainage and whose lands are now damaged by the same, do hereby petition the board of county commissioners in and for said county to enlarge the said ditch and deepen and widen the same as follows.   Here follows a description of that portion of the ditch it was sought to have enlarged, and a description of the properties likely to be affected by the enlargement of the said drainage.

The petitioners further state:   "We would further state that in a number of places the bends in the said drainage ditch should be straightened out and that the same can be straightened out at less cost than it would require to follow the said bends, and that * * * the said drainage would be more efficient if the said bends were straightened out.   Wherefore we ask your honorable body to inspect the proposed improvement of the said ditch, and take such action in the premises as is provided by law, and to enlarge the said drainage as herein described.   Dated June 1, 1909."

It further appears from the record that on the 8th day of July, 1910, upon due notice, the board of county commissioners made an order enlarging said ditch, but to very much less extent than that prayed for in the petition.   Thereupon, the appellant, on July 23, 1910, took an appeal from the order of said board of county commissioners, and he states in his notice of appeal that the same was taken "for the reason that the enlargement of the said drainage provided for in said order will be expensive in proportion to the relief ordered, and that when it is so enlarged the said ditch will not carry the waters gathered thereby, and that where the same passes through appellant's land it will still overflow and damage the crops thereon every year in which we have heavy rains; that the proposed enlargement by the said board in said order is entirely inadequate and insufficient, and unless made larger the appellant's lands will be in part confiscated."

At the regular adjourned September, 1910, term of the circuit court of Turner county, a motion was made by the respondents in this action to dismiss the appeal of the appellant for the reasons therein stated.   On November 9, 1910, the court ordered

and adjudged that the said appeal be dismissed, to which order the appellant duly excepted.

The appellant assigns two errors as follows: "(1) The court erred in granting the motion of the respondents, made on the trial of this action, asking the court to dismiss the appeal from the order of the board of county commissioners. (2) The court erred in making and entering an order and judgment dismissing the appeal from the said order of the board of county commissioners to the circuit court taken by the appellant herein.

It is stated in the argument for appellant that there are, in effect, two legal questions involved in this appeal, viz.: (1) If an appeal will lie from an order of a board of county commissioners establishing or denying proposed drainage, will an appeal lie from an order establishing or denying a proposed enlargement of a drainage ditch previously constructed? (2) Is the establishing or denying of proposed drainage a judicial, or quasi judicial, question, such that it may be reviewed by a court, under the provisions of section 850 of the Pol. Code, providing for appeals from orders of the board of county commissioners?

. It is contended by the appellant that, giving to the provisions of the drainage law relating to appeals a fair and reasonable construction, the order of the board, establishing or denying the proposed enlargement of a drainage ditch previously constructed under the provisions of the statute, may be appealed to the circuit court. But, if such an appeal is not permissible under the provisions relating to appeals in the drainage act, then an appeal lies under the provisions of section 850 of the Pol. Code, which reads as follows: "From all decisions of the board of commissioners upon matters properly before them, there shall be allowed an appeal to the circuit court by any person aggrieved. * * *"

It is contended by the respondents in support of the judgment of dismissal of the circuit court that the right of appeal is a statutory right; that the appeal from the order made in this case is not authorized by the statute; that the clause of section 12 hereinafter quoted is not broad enough to cover the appeal attempted to be taken in this case; and that, inasmuch as the board of county

commissioners decided to enlarge the said ditch· to a certain extent, but not to the extent asked for by the appellant, and the petition was one .for the enlargement of a ditch which has already been established and completed, the order, therefore. was not one from which an appeal would lie to. the court, for the reason that it did not present a judicial question, and that the appeal sought to be taken was not such an appeal as is authorized by the drainage statute of this state, in that it was not an appeal from any final order or determination of the board of county commissioners establishing or denying the proposed drainage, and that the appellant's remedy, if he had any, was to have taken an appeal from the original order of the board establishing said ditch, but, no such appeal having been taken, the appellant cannot, by presenting a petition to enlarge the. ditch after the time to appeal from the original order has expired, attack the original decision of the board establishing the drainage and fixing the size and route thereof.

[1] By section 1, c. 134, of the Session Laws of 1907, it is provided: "The board of county commissioners of any county, at any regular or special session may establish and cause to be constructed any ditch or drain; may provide for the straightening or enlargement of any water course or drain previously constructed. * * *" And by section 19 it is provided: "The powers conferred by this act for establishing and constructing drains shall also extend to and include the deepening and widening of any drains which have hertofore been or may hereafter be constructed. * * *"

And by section 12, c. 134, of the Laws of 1907, as amended by section 9, c. 102, of the Laws of 1909, it is provided that: "An appeal will lie upon any final order or. determination of a board of county commissioners establishing or denying the proposed drainage, fixing damages occasioned by the taking of lands for said drainage, or by said drainage, or fixing the proportion of assessments of benefits, or accepting the drainage, to the circuit court of the county in which said drainage is located, by any one deeming himself aggrieved by any such order or determination. * * *"

We are of the opinion that, construing the various sections of the drainage law of 1907, and as subsequently amended in 1909, the language is sufficiently broad and comprehensive to allow an appeal from the final order or determination of the board made in · this case, and that under these provisions the court was in error in dismissing the appellant's appeal.

It will be observed by section 1 of the drainage law that the board of county commissioners may not only establish or cause to be constructed any drainage ditch, but "may provide for the straightening or enlarging of any water course or drain previously constructed;" and that by the provisions of section 19 it is provided that the powers conferred by the act for establishing and constructing drains "shall also extend to and include the deepening and widening of any drains which have heretofore been or may hereafter be constructed;" and that by section 12 it is provided: "An appeal will lie upon any final order or determination of a board of county commissioners establishing or denying the proposed drainage. * * *"

The petition of the appellant and associates, while not demanding the construction of an entirely new ditch, does demand the enlargement of a ditch already constructed to such an extent as, in effect, to constitute a drainage ditch, and a denial by the board of the application, except to a very limited extent, was in effect a denial of the proposed drainage; and, assuming the allegations of the petition to be true, the appellant's land was left subject to overflow, and the appellant subject to serious loss by reason of this denial of his petition, to the extent of the relief demanded therein, and is left apparently without remedy for such damage and loss, and the property of the appellant would, in effect, be taken *without due process of law* for the benefit of the public, and without any compensation paid therefor.

Assuming the statements of the appellant in his petition to be true, a drainage ditch of evidently considerable length was established by the board, which in its upper portions was of sufficient capacity to carry off the waters accumulating along that section of the ditch; but in the lower portions of the ditch, near its out-

let, the ditch, upon use, was claimed to be insufficient to carry off the accumulated waters. In order, therefore, that the appellant's property may be protected from the overflow of these accumulated waters, it is necessary to enlarge the ditch and increase its capacity to such an extent as would carry off these waters.

As before stated, therefore, in effect, the appellant and his associates demanded practically the construction of a new ditch of a greater capacity, extending through their lands, to protect them from such overflow as might occur during heavy rains. While it is true the board granted in part the demand of the appellant and his associates, it failed to make the order enlarging the ditch to an extent sufficient to protect the appellant's property, and we are of the opinion that the case clearly comes within the principle laid down by this court in the case of Davison County v. C., M. & St. P. Ry. Co., 26 S. D. 57, 127 N. W. 728, that the right of appeal is fairly within the language of the statute, and ought not to be denied upon any forced or technical construction. It is hardly probable the Legislature intended to give the right of appeal in cases of a new ditch, and intended to deny the right of appeal in cases declining applications for the enlargement of a ditch already constructed to such an extent as to make it practically a new ditch, in order to make it effective as a drainage ditch.

It seems quite clear that an order establishing or denying proposed drainage, by way of enlarging a ditch previously constructed, is equally as final and quasi judicial in its character as an order establishing or denying the construction of the originally proposed drainage ditch. It frequently may be, as was the case alleged in the petition, that the subsequent use of the drainage ditch, established by the board, develops the fact that portions of the ditch have insufficient capacity to carry off the waters coming down from the upper portions of the ditch, and results in an overflow of the premises owned by the parties on the lower portions of the ditch, and caused damage to the property of parties through which the lower portions of the ditch is constructed. It is only by the use of the ditch during the seasons of rainfall or melting

snows that the fact is discovered that the ditch is incapable of conveying all the waters through the lower portions of the premises to the permanent outlet or water course. And it would seem quite improbable that the Legislature, in providing for appeals from the final orders of the board of county commissioners, intended to provide only for appeals in cases where such drainage ditch was established or its establishment denied, and intended to deny the right of appeal in cases where the enlargement of the ditch was denied or only partially granted.

[2] But, assuming that the provisions of the drainage law respecting appeals is not sufficiently broad to include the appeal attempted to be taken in this case, still we are of the opinion that under the general provision of section 850, Pol. Code, above quoted, permitting appeals from the final orders of the board of county commissioners, the order was of such a quasi judicial character that an appeal could be taken therefrom to the circuit court.

The question as to the right of appeal from the orders of the board of county commissioners was very fully considered by this court in the case of Davison County v. C., M. & St. P. Ry. Co., supra, and in that opinion this court says: "And where, as in the case before us, the power is quasi judicial, and may involve the expenditure of large sums, and may affect valuable property, as well as public and private rights, it would seem that the right of appeal, being fairly within the language of the statute, ought not be denied upon any forced or technical construction." And in that case, while there was no specific provision authorizing the appeal, this court held that such a right existed under the general statute, and reversed the order of the circuit court dismissing the appeal. We are of the opinion that the order appealed from was quasi judicial, and from the same an appeal could be taken under the general statute providing for appeals from the final orders of the board of county commissioners.

The action of the board, making or denying such applications, is not political or ministerial in its character, but directly affects the property rights of individuals; for, assuming the statements in the petition in this case to be true, and might be sustained by the

evidence on a trial in the court, the decision of the board of county commissioners in denying to the appellant the enlargement of the ditch as petitioned for might very materially affect the value of his land, and subject him to great loss.

The decision of the court, therefore, denying to the appellant the enlargement of the ditch as petitioned for, clearly comes within the class of orders made by the board of county commissioners from which an appeal may be taken to the circuit court. Davison County v. C., M. & St. P. Ry. Co., supra; Pierre Water Works Co. v. Hughes County, 5 Dak. 145, 37 N. W. 733. In these cases the character of orders that may be appealed from, under the general statute providing for appeals from orders of county commissioners, were very fully considered and discussed, and we do not deem a further discussion necessary in this opinion.

The conclusions to which we have arrived require a reversal of the order of the circuit court dismissing the appeal, and the same is reversed.