Kroh *vs.* Smoot.

(Decided 15th May, 1884.)

PHILIP A. KROH *vs.* ANDREW J. SMOOT.

*Section 11 of Article 2 of the Constitution—Vacancy in Office
during the Recess of the Senate—Appointment by Governor
to fill Vacancy—Term of Office.*

Section 11 of Article 2 of the Constitution of 1867, provides that:
"In case of any vacancy, during. the recess of the Senate, in any
office which the Governor has power to fill, he shall appoint some
suitable person to said office, whose commission shall continue in
force until the next session of the Legislature, or until some other
person is appointed to the same office, whichever shall first occur;"
* * * * In the year 1882, during the recess of the Senate, the
Governor appointed S. to be Inspector of Tobacco at warehouse,
No. 2, in the City of Baltimore, to fill a then existing vacancy. He
was appointed to fill an unexpired term of two years, which com-
menced on the first Monday of March, 1882. The nomination of
S. was duly sent by the Governor to the Senate on the 3rd of Janu-
ary, 1884, and by it was confirmed on the 18th of the same month.
During the regular session of the Legislature of 1884, the then
Governor nominated to the Senate K. to be Inspector of Tobacco
at Warehouse, No. 2, as aforesaid, for the full constitutional term
of two years, from the first Monday of March, 1884, but the Senate
finally adjourned without having taken any action on the nomina-
tion. After the adjournment of the Legislature, the Governor ap-
pointed and commissioned the said K. to be Inspector of Tobacco,
as aforesaid. K. took the oath of office prescribed by the Constitu-
tion and laws, and gave the required bond, which was duly ap-

Kroh *vs.* Smoot.

proved and recorded. After thus qualifying, K. demanded the office of S. who refused to surrender it. On a petition by K. for a *mandamus* to compel S. to deliver possession of the office, it was HELD:

1st. That in cases of appointments to fill vacancies only, under section 11, the period, as fixed by the Constitution, beyond which the commission shall not run or continue in force, is the end of the Legislature next ensuing the appointment.

2nd. That as by constitutional limitation, the appointment and commission of S. terminated with the end of the Legislature of 1884, there was a vacancy in the office, and the Governor was well warranted in making the appointment of K. to fill such vacancy.

Where a vacancy occurs during the recess of the Senate in any office which the Governor has power to fill, and he by virtue of section 11 of Article 2 of the Constitution, appoints a person to said office, and at the next session of the Legislature sends the name of the appointee to the Senate, who confirms the nomination, the person thus appointed and confirmed, does not by virtue of the confirmation of such appointment acquire a right to hold the office beyond the period for which he was originally appointed and commissioned as authorized by the Constitution.

APPEAL from the Superior Court of Baltimore City.

In the year 1882, during the recess of the Senate, the Governor of Maryland appointed the appellee to be Inspector of Tobacco at Warehouse No. 2, in the city of Baltimore, to fill a vacancy caused during such recess, by the resignation of one Alexander Somerville; and on the 3rd of January, 1884, the same being within thirty days after the next meeting of the Legislature, the nomination of the appellee, thus appointed, was sent to the Senate, in accordance with section 11 of Article 2, of the Constitution, and confirmed by that body on the 18th day of the same month. During the regular session of the Legislature, begun and held in January, 1884, the Governor nominated to the Senate the appellant to be Inspector of Tobacco at Warehouse No. 2, aforesaid, for the full constitutional term of two years, from the first Monday of

March, 1884, but the Senate finally adjourned on the 31st day of March, 1884, without having taken any action on the nomination. After the adjournment of the Legislature, to wit, on the 2d of April, 1884, the Governor appointed and commissioned the said appellant to be Inspector of Tobacco at said Warehouse No. 2. The appellant thus appointed and commissioned, took the oath prescribed by the Constitution and laws, and gave the required bond, which, being duly approved by the Treasurer of the State, was recorded in the office of the clerk of the Superior Court of Baltimore City. After thus qualifying, the appellant on the 12th of April, 1884, demanded of the appellee possession of Warehouse No. 2, together with the tobacco, books and other appurtenances of the said office; and upon the refusal by the appellee, to deliver up the same, he filed his petition for a peremptory *mandamus* requiring the appellee forthwith to deliver possession of the office, together with the warehouse, &c., to the petitioner. The appellee answered the petition; and the appellant demurred to the answer. By agreement a *pro forma* order was passed by the Court (STEWART, J.) overruling the demurrer, refusing the *mandamus*, and dismissing the petition. From this order the petitioner appealed.

The cause was argued before ALVEY, C. J., MILLER, YELLOTT, IRVING, and RITCHIE, J.

*James A. L. McClure,* and *James L. McLane,* for the appellant.

*John Prentiss Poe,* and *Bradley T. Johnson,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The appellee, Smoot, was appointed to the office in question by the Governor, in 1882, during the recess of

the Senate, to fill a then existing vacancy. He was appointed simply to fill an unexpired term of two years, which commenced on the first Monday of March, 1882; and by the terms of the Constitution (Art. 2, sec. 11), that appointment and the commission to the appointee continued in force "*until* the end of the next session of the Legislature, or *until* some other person is appointed to the same office, whichever shall first occur." This language plainly designates the term for which the appointment was made, and the period at which the right of the appointee to hold the office should terminate. There is no language employed in defining the term during which the commission shall remain in force, in cases of appointments to fill vacancies, under section 11, Article 2 of the Constitution, such as we find in section 13 of the same Article, in regard to original appointments for the full term. In cases of appointments to fill vacancies only, under section 11, the Constitution has fixed the period beyond which the commission shall not run or continue in force, and that period is the end of the Legislature next ensuing the appointment.

It is contended, however, on the part of the appellee, that inasmuch as the Governor was required, within thirty days after the meeting of the next Legislature ensuing the appointment, to nominate to the Senate the person thus appointed during the recess, or some other person in his place, and such nomination of the appointee having been made accordingly, and confirmed by the Senate, he is, therefore, entitled to hold until displaced by a successor appointed by the concurrent act of the Governor and Senate. The necessary consequence of which contention is, if maintained, that the appellee is entitled to hold the office not only for the time for which he was appointed and commissioned, but also for the next ensuing term of two years from the first Monday of March, 1884, or until the confirmation of a new nomination by a succeeding

Senate.   To this contention of the appellee we cannot accede.   It leads to a result that could never have been contemplated by the framers of the Constitution, and certainly never intended by the Governor in making the appointment simply to fill the vacancy.   Section 11 of Article 2, has reference exclusively to the power and manner of filling vacancies in the offices therein referred to; and the appointment by the Governor and the subsequent nomination to and confirmation by the Senate, must have reference alone to the limitation of the right to hold as designated in that section, and not to any other or different term of office.   And this, as we understand, has been the accepted construction and practice in the Executive Department, ever since the adoption of the Constitution of 1851, which contained the same provisions upon this subject as those contained in the present Constitution. The Governor, in the early part of each session of the Legislature, sends to the Senate the names of those appointed to office to fill vacancies during the preceding recess; and if the Senate approve, the nominations are confirmed; but the party appointed, whether approved or disapproved by the Senate, continues to hold, by virtue of his commission, until some other person is appointed in his place, or until the end of the session of the Legislature, whichever may first occur.   And it has never been understood or supposed, that, by thus sending to the Senate the name of the party appointed during the recess and the confirmation of such appointment, the party acquired a right to hold the office beyond the period for which he was originally appointed and commissioned.   It is not pretended here that the nomination of the appellee to the Senate was, by any terms used in such nomination, intended to refer to and embrace the ensuing term of the office of Tobacco Inspector at Warehouse No. 2, commencing on the first Monday of March then next; nor is it pretended that any other commission issued to the ap-

pellee than that which issued upon his first appointment to fill the vacancy; which, by the express terms of the Constitution, it is declared "shall *continue in force* until the end of the next session of the Legislature, or until some other person is appointed to the same office, whichever shall first occur." All virtue and force of the commission, therefore, terminated with the end of the Legislature; and the present holding, consequently, by the appellee is without commission,—a state of things for which we find no warrant in the Constitution.

In case of the nomination and appointment of some other person than the first appointee to fill the office during the remainder of the term, as provided by the 11th section of Article 2 of the Constitution, the commission may well run until the expiration of the term, and until a successor be appointed and qualify, upon the principle applied in the case of *Sappington vs. Scott,* 14 *Md.,* 40; but that is because there is no such restriction or limitation imposed upon the operation of the commission issued to such party, as is provided and declared in the case of the appointment first made by the Governor alone to fill the vacancy. It is true, upon this construction, in the case of an appointment to fill a vacancy in office, other than the office of Inspector of Tobacco, it may be that the Governor may be required to make an *ad interim* appointment, for the period between the end of the Legislature and the first Monday of May ensuing, the latter date being the time of commencement of the term of office as fixed by *Section* 13, *of Article* 2, *of the Constitution;* but to avoid that consequence we are not justified in totally disregarding the express limitation, that the commission to the party appointed by the Governor during the recess to fill the vacancy "shall continue in force until the end of the next session of the Legislature, or until some other person is appointed to the same office, whichever shall first occur." These terms are imperative, and they must have

accorded to them their full force and effect. And as by this limitation the appointment and commission of the appellee terminated with the end of the last Legislature, it follows that from that time there was a vacancy in the office until a successor was appointed as provided by the Constitution to fill such vacancy.

In this case it is admitted that the appellant was nominated by the Governor to the Senate for the term of office commencing the first Monday of March, 1884, and that the Senate adjourned without taking action upon such nomination; and that after the adjournment of the Legislature, the Governor appointed the appellant to fill the vacancy in the office. It is by clear implication conceded in the answer, and not controverted in the argument, that if the nomination of the appellant to the Senate had been confirmed by that body, the appointment thus made would have been valid, and would have entitled the appellant to the office. But that could only be so upon the assumption that the nomination and confirmation of the appellee contemplated and had reference solely to the period for which he had been previously appointed and commissioned by the Governor; and that is what we say and determine was the effect of such nomination to and confirmation by the Senate, and nothing more. It is very clear that the confirmation by the Senate could have no such effect as to extend the period for holding the office beyond that for which the party was appointed and commissioned as authorized by the Constitution. The Constitution having fixed the limit of the holding, and the commission that issued to the appellee having ceased to be of force as declared by the express terms of the Constitution, he now holds by wrong and without color of authority; and the Governor was well warranted in making the appointment of the appellant to fill the vacancy.

The case of *Smoot vs. Somerville,* 59 *Md.,* 84, much relied on by the appellee, has no application to this case. There

Somerville held under a regular appointment made by the Governor, by and with the advice and consent of the Senate, under section 13 of Article 2 of the Constitution; and his right to hold as against Smoot, appointed to fill a supposed vacancy in the office, turned upon the construction of the terms "and until their successors qualify according to law," used in the limitation of the term for which the party was appointed and held his commission. No such question is involved in this case; the rights of the parties here being dependent exclusively upon the terms employed in section 11, Article 2 of the Constitution, making provision for filling vacancies during the recess of the Senate.

We must therefore reverse the *pro forma* order appealed from, overruling the demurrer of the appellant to the answer of the appellee, refusing the *mandamus,* and dismissing the petition with costs, and remand the cause that a *mandamus* may issue as prayed by the petition.

*Order reversed,*
*and cause remanded.*

(Decided 15th May, 1884.)