STATE ON THE RELATION OF C. C. CHERRY v. J. L. BURNS.

(Decided May 13, 1899).

*Keeper of the Capitol—Offices, Constitutional and Legislative.*

1. Constitutional offices must be filled in the mode designated in the Constitution.
2. Under the amended Constitution of 1875, the Legislature may provide for the filling of any office created by statute.
3. The office of Keeper of the Capitol is a legislative office. By the Act of February 23, 1899, amending Section 2301, of The Code, the Legislature conferred upon themselves the power to fill that office—and on March 6, 1899, elected the plaintiff.

PROCEEDING in the nature of *quo warranto* brought before *Brown, J.,* at April Term, 1899, to try the title to the office of Keeper of the Capitol. His Honor, by consent, found the facts, and states them in the subjoined judgment in favor of plaintiff.

NORTH CAROLINA—WAKE COUNTY.
    Superior Court, April Term, 1899.

STATE *ex rel.* C. C. CHERRY
*v*
J. L. BURNS.

*Judgment.*

This cause came on to be heard before the Court, *G. H. Brown, Jr.,* Judge presiding. It is admitted that following are the facts, a jury trial being waived:

At session of General Assembly of 1899, plaintiff was elected by that body in joint session, so far as it had power

to elect a Keeper of the Capitol. Certificate thereof made a part of these findings.

Act of General Assembly ratified February 23, 1899, is in evidence and referred to as part of plaintiff's case.

Plaintiff elected March 6, 1899. Duly qualified March 8, 1899.

Record of election of defendant as Keeper of Capitol March 8, 1897, by Board of Public Buildings.

Gave bond $250, and that is in evidence.

January 3, 1899, record of filing another bond by defendant in evidence, also the two official bonds of defendant in evidence and made a part of these findings.

Code, Sections 2301, 2306 cited by defendant and made part of this case.

Upon considering the matters presented, the Court is of opinion that there is no fixed term of office for the office of Keeper of the Capitol.

That it was within the power of the General Assembly to amend The Code and to elect a Keeper of the Capitol.

That the fact that defendant filed another bond on January 3, 1899, does not give him a fixed or additional tenure of office.

Wherefore upon pleadings and above facts it is adjudged and decreed that the plaintiff recover of the defendant the possession of office of Keeper of the Capitol, together with the salary and emoluments of said office since March 8, 1899, and the costs of this action to be taxed by the Clerk, and that judgment be entered against defendant and his bondsmen accordingly.

April 25, 1899.

G. H. BROWN, JR.,
*Judge.*

Defendant appeals.

CHERRY *v.* BURNS.

*Messrs. Douglass & Simms,* for appellant.
*Messrs. Shepherd & Busbee,* for appellee.

FURCHES, J.   On the 8th of March, 1897, the defendant, Burns, was duly appointed Keeper of the Capitol.   He complied with the requirements of the law by filing his bond, was qualified and inducted into office.   On the 3rd day of January, 1899, he filed another bond, in which it is stated that the defendant had been appointed Keeper of the Capitol for 1899 and 1900.   This bond was approved and filed.   On the 23rd of February, 1899, the Legislature passed an Act amending Section 2301 of The Code, by which they took from the "Board of Public Buildings" the power to appoint a keeper of the public buildings, and conferred this power on the "General Assembly."   And on the 6th day of March, 1899, the General Assembly in joint session elected the plaintiff keeper of the public buildings, who, after filing his bond and taking the oath of office, demanded this office of the defendant, which demand was refused, and this action was brought for the possession of said office.

These facts are admitted by the defendant, but he alleges that the plaintiff can not recover for several reasons: That defendant's term of office has not expired; that it is a constitutional office, and for that reason the appointment belongs to the Governor and his Board, and the Legislature can not take it from them; that the Act of February 23, 1899, amending Section 2301 of The Code, taking the power of appointment from the Governor and Board, conferred the power on the General Assembly, and that meant the two Houses of the General Assembly and not a joint session of that body; that the vote should have been taken separately in each house, and that the plaintiff could not be elected, under this amendment to Section 2301, without receiving a majority of the votes in each house.

These are the defendant's contentions, which we will proceed to examine.

Section 2301 of The Code provides that "The Board of Public Buildings" shall appoint a Keeper of the Capitol "who shall hold his office until his successor is appointed and files his bond as required by this chapter." The question as to whether the defendant's office has terminated or not depends upon the fact as to whether his successor has been appointed and filed his bond.

If this office is a constitutional office, we should hold that the Legislature could not fill it or provide for its being filled, otherwise than is provided by the Constitution. , Then, is it a constitutional office ? If so, why is it so ? It is not named in the Constitution, and the only ground for this contention made in the argument was that it was an office existing at the adoption of the Constitution and was thereby recognized by the Constitution, and the fact that Judge Pearson in delivering the opinion of the Court in *Welker v. Bledsoe,* 68 N. C., 457, called "the Keeper of the Capitol" a constitutional office. It seems to us that it can not be held to be a constitutional office, because there was a "Keeper of the Capitol" at the time the Constitution was adopted. If we were to hold this, it is probable there would be more than one thousand offices in the State that are constitutional offices, that have never been so regarded by lawyer or layman.

We have the very greatest respect for anything said by Chief Justice PEARSON, though it be *obiter.* And the fact that he said in *Welker v. Bledsoe, supra,* that the office of the "Keeper of the Capitol" was a constitutional office, caused us to hesitate and examine the case with great care. It was not at all necessary for the Court to pass upon the question as to the Keeper of the Capitol, in Welker's case; it was in no way involved, and it added nothing to the strength of the argu-

ment in that case.   And this is an instance in which a great Judge has slipped in giving expression to an *obiter* that can not be sustained.

The case of *Clark v. Stanly,* 66 N. C., 59, and many other cases establish the fact that this is an office.   Indeed this is not denied by the plaintiff.

*Welker v. Bledsoe, supra,* and that line of cases in the 68th North Carolina Reports were all under the Constitution of 1868, and are not of the same authority now as they were under that Constitution.   If the present Constitution was the same as that of 1868, there would be no difficulty in deciding this case for the defendant; but not upon the ground that it is a constitutional office, but because the Legislature would be prohibited from filling the office whether it was a constitutional office or not.   These cases are to be viewed in the light of the amended Constitution of 1875.   The amendments in the Constitution of 1875 made material changes in the Constitution of 1868.   The amended Constitution of 1875 leaves out that clause which prohibits the Legislature from filling any office, and also that clause "or which shall be created by law."   These were important provisions, and must have been stricken out of the Constitution of 1868 for a purpose.   It is said it was done in consequence of the decisions in *Welker v. Bledsoe, supra, Nichols v. McKee,* 68 N. C., 429, and that line of decisions.   If this is so (and we think it probably is) it affords us some aid in construing the Constitution of 1875, and leads us to the opinion that the Legislature may fill this office.   This view seems to be sustained by *University v. McIver,* 72 N. C., 76; *Ewart v. Jones,* 116 N. C., 570; *Wood v. Bellamy,* 120 N. C., 212, and *State Prison v. Day,* at this term.

The only remaining question is the election of the plaintiff.   If he has not been elected, he can not succeed in this

action, whether the defendant is properly in or not. *Stanford v. Ellington,* 117 N. C., 158. And if the plaintiff has been elected and given his bond, the defendant's office has terminated, no matter how he was elected. Code, Section 2201. We have seen the Legislature has the power to elect. Has it done so? It is admitted it passed an Act providing that the "General Assembly" should elect, and it appears by a certificate signed by the President of the Senate and the Speaker of the House of Representatives, that the plaintiff was elected in joint session of the General Assembly. This is admitted. But defendant says this was not an election by the General Assembly; that they could not legislate in joint session. We agree that they could not legislate in joint session, but the election of the plaintiff was not legislation. It was the exercise of a delegated power. Suppose the Act had provided that the House alone should elect. We think it might have done so, and the two bodies when assembled are styled the General Assembly. Constitution, Article II, Section 9. This being so, we are of the opinion that the General Assembly in joint session was the constituted agent to make the election.

The defendant says that the certificate does not show that there was a quorum of either House present at this election; nor does it show who voted. This is so, but as the certificate shows that there was an election, and nothing else appearing the law presumes a quorum and that the election was regular. *Stanford v. Ellington, supra.*

For these reasons we are of the opinion that the judgment should be affirmed.

Affirmed