STATE OF NORTH CAROLINA EX REL. JAMES G. MARTIN AS GOVERNOR
OF THE STATE OF NORTH CAROLINA AND AS A CITIZEN OF THE
STATE OF NORTH CAROLINA v. ROBERT ARTHUR MELOTT, DIREC-
TOR, OFFICE OF ADMINISTRATIVE HEARINGS OF THE STATE OF
NORTH CAROLINA

No. 61PA87

(Filed 3 September 1987)

**1. Constitutional Law §§ 5, 9— Director of Office of Administrative Hearings—
appointment by Chief Justice—constitutionality of statute**

  The statute providing that the Chief Justice of the N. C. Supreme Court
shall appoint the Director of the Office of Administrative Hearings, N.C.G.S.
§ 7A-752, does not violate Art. III, § 5(8) of the N. C. Constitution, which
authorizes the Governor to appoint "all officers whose appointments are not
otherwise provided for." The phrase "whose appointments are not otherwise
provided for" does not mean "whose appointments are not otherwise provided
for by the Constitution itself," and appointment of the Director is "otherwise
provided for" within the meaning of Art. III, § 5(8).

**2. Constitutional Law §§ 5, 9— Director of Office of Administrative Hearings—
appointment by Chief Justice—constitutionality of statute**

  The statute providing that the Chief Justice of the N. C. Supreme Court
shall appoint the Director of the Office of Administrative Hearings, N.C.G.S.
§ 7A-752, does not violate the separation of powers provision of Art. I, § 6 of
the N. C. Constitution or the provision of Art. III, § 1 vesting executive power
in the Governor since the appointment of the Director of the Office of Ad-
ministrative Hearings is not an exercise of executive power.

  Chief Justice EXUM did not participate in the consideration or decision of
this case.

  Justice MEYER concurring in result.

  Justice WHICHARD joins in this concurring opinion.

  Justice MARTIN dissenting.

APPEAL by plaintiff from *Preston, Judge,* at the 1 December
1986 term of Superior Court, WAKE County. A petition pursuant
to N.C.G.S. § 7A-31 and Rule 15(a) of the North Carolina Rules of
Appellate Procedure to bypass the Court of Appeals prior to its
determination of the case was allowed. Heard in the Supreme
Court 13 May 1987.

The plaintiff, who is the Governor of North Carolina, brought
this declaratory judgment action challenging the constitutionality
of N.C.G.S. § 7A-752, which provides that the Chief Justice of the

Supreme Court of North Carolina shall appoint the Director of the Office of Administrative Hearings of the State of North Carolina. The plaintiff alleged that this provision violates Article I, Sec. 6 of the Constitution of North Carolina, providing for the separation of powers, Article III, Sec. 1, providing that the executive power shall be vested in the Governor, and Article III, Sec. 5(8) of the Constitution of North Carolina, providing for appointment duties of the Governor. The plaintiff also challenged on the same grounds the constitutionality of N.C.G.S. § 7A-753, which provides the Director shall appoint five additional hearing officers.

The plaintiff joined to the action a claim for a remedy in the nature of quo warranto, Article 41, Chapter 1 of the North Carolina General Statutes. The plaintiff alleged that the defendant, who was appointed Director of the Office of Administrative Hearings of the State of North Carolina by the Honorable Joseph Branch, Chief Justice of the Supreme Court of North Carolina, and was sworn into office on 1 January 1986, holds his office unconstitutionally.

The defendant filed answer and the action was tried without a jury by Judge Preston at the 20 October 1986 Civil Session of Superior Court, Wake County. On 1 December 1986, Judge Preston entered a judgment in which he held that N.C.G.S. §§ 7A-752 and 753 do not violate Article I, Sec. 6, or Article III, Sec. 1 and Sec. 5(8) of the Constitution of North Carolina. He also held that the General Assembly can constitutionally delegate to the Chief Justice of the Supreme Court of North Carolina the power to fill the office of the Director of the Office of Administrative Hearings and that the defendant lawfully holds the public office of Director of the Office of Administrative Hearings. The relief prayed for by the plaintiff in the nature of quo warranto to oust the defendant from office was denied. The plaintiff appealed.

*Moore and Van Allen, by Arch T. Allen, III and Sarah Wesley Fox, for plaintiff appellant.*

*Lacy H. Thornburg, Attorney General, by Andrew A. Vanore, Jr., Chief Deputy Attorney General and Thomas F. Moffitt, for defendant appellee.*

WEBB, Justice.

[1]  This case brings to the Court the question of whether the General Assembly may delegate to the Chief Justice of the Supreme Court of North Carolina the power to appoint the Director of an agency created by the General Assembly. The appellant contends the Constitution of North Carolina places this power of appointment in the Governor. We believe the resolution of this question depends to a large extent on the interpretation of Article III, Sec. 5(8) of the Constitution of North Carolina which provides:

> *Appointments.* The Governor shall nominate and by and with the advice and consent of the majority of the Senators appoint all officers whose appointments are not otherwise provided for.

In interpreting a constitution, as in interpreting a statute, if the meaning is clear from reading the words of the Constitution, we should not search for a meaning elsewhere. *Elliott v. Gardner*, 203 N.C. 749, 166 S.E. 918 (1932) and *Reade v. Durham*, 173 N.C. 668, 92 S.E. 712 (1917).

As we read Article III, Sec. 5(8), it is clear that it means the Governor has the power to appoint an officer of the State with the advice and consent of a majority of the Senators, unless there is some other provision for the appointment. In this case there is another provision. The General Assembly has provided for the appointment of the Director of the Office of Administrative Hearings by the Chief Justice of the Supreme Court of North Carolina. We hold that the plain meaning of Article III, Sec. 5(8) does not give the Governor the appointment power under these circumstances.

The appellant argues that the phrase "whose appointments are not otherwise provided for" has a settled judicial construction which is "whose appointments are not otherwise provided for by the Constitution itself." The power to appoint the Director of the Office of Administrative Hearings is not provided for in the Constitution. The appellant says that for this reason only the Governor may appoint the Director of the Office of Administrative Hearings. The appellant relies on *Salisbury v. Croom*, 167 N.C. 223, 83 S.E. 354 (1914); *Ewart v. Jones*, 116 N.C. 570, 21 S.E. 787 (1895); and *People of North Carolina ex rel. Cloud v. Wilson*, 72

N.C. 155 (1875), for this proposition. There is language to this effect in these cases, however, the language is not necessary to the holding in any of them. In *Salisbury*, while holding that the plaintiff was not the rightful holder of the office of Director of the State Hospital because his appointment had not been confirmed by the Senate as required by statute, the Court said that under the Constitution of 1868 "the term, 'unless otherwise provided for' meant unless otherwise provided for by the Constitution itself." The Court pointed out that this interpretation was not satisfactory to the people of the state and this provision of the Constitution was amended in 1875. In *Ewart*, the Court used this same language in discussing the Constitution of 1868, but said this provision of the Constitution had been amended in 1875. *Cloud* deals with the appointment by the Governor of a superior court judge under the Constitution of 1868. This Court said "the words 'otherwise provided for' meant otherwise provided for by the Constitution," but the Court was interpreting a provision of the 1868 Constitution which is not a predecessor provision to the provision at issue in this case. We cannot say that the phrase "whose appointments are not otherwise provided for" has such a well settled judicial construction that we must use it in this case.

If we study the development of the present Article III, Sec. 5(8), we believe it strengthens our interpretation of it. Article III, Sec. 10 of the Constitution of 1868 said:

> . . . The Governor shall nominate, and by and with the advice and consent of a majority of the Senators elect, appoint all officers whose offices are established by this Constitution, or which shall be created by law, and whose appointments are not otherwise provided for, and no such officer shall be appointed or elected by the General Assembly.

It is apparent that this section of the 1868 Constitution gave the Governor a broad power to make appointments. The General Assembly was forbidden from making appointments. In 1875 this section was amended radically to strike the clauses "or which shall be created by law" and "and no such officer shall be appointed by the General Assembly" so that the section read as follows:

> . . . The Governor shall nominate, and by and with the advice and consent of a majority of the Senators elect, ap-

point all officers whose offices are established by this Constitution, and whose appointments are not otherwise provided for.

It is apparent that this amended section greatly diminished the Governor's appointment power. It limited the Governor's appointment power to offices established by the Constitution and even then he could not make such appointments if the appointments were otherwise provided for. In 1970 this section was again amended and became the present Article III, Sec. 5(8) of the Constitution. The amendment deleted the word "elect" and the clause "whose offices are established by this Constitution" so that the section now reads as set forth above. If the revisers of the Constitution had intended to give the Governor the power to appoint all officers whose appointments were not provided for in the Constitution, they could have easily done so. They did not and we believe it is only reasonable to conclude they intended to increase the Governor's power from making appointments of constitutional officers to all officers whose appointments are not otherwise provided for.

[2] The appellant also contends the statute violates Article I, Sec. 6 of the Constitution of North Carolina which says:

> The legislative, executive, and supreme judicial powers of the State government shall be forever separate and distinct from each other.

The appellant further contends the statute violates Article III, Sec. 1 which says:

> The executive power of the State shall be vested in the Governor.

The appellant argues that in our state government we have a separation of powers and relies on the writings of some of our founding fathers and others to say that this is one of the bedrocks of our liberty. He relies on *Wallace v. Bone*, 304 N.C. 591, 286 S.E. 2d 79 (1982), which held that the General Assembly cannot constitutionally create an administrative agency of the executive branch and retain some control over it by appointing legislators to the governing body of the agency. He argues that this principle should extend to prevent legislative control over an executive of-

ficer by providing for his appointment by one other than the Governor.

*Wallace* dealt with an appointment of legislators to the Environmental Management Commission. This Court held that it violated the separation of powers provision of the State Constitution for the General Assembly to appoint its own members to an agency of the executive branch. It does not hold that only the Governor may make appointments to the Commission. *Wallace* is not authority for this case.

We have determined that under Article III, Sec. 5(8) of the Constitution, the General Assembly may provide that someone other than the Governor may appoint the Director of the Office of Administrative Hearings. The question remains as to whether the General Assembly may provide that the Chief Justice of the Supreme Court may make this appointment. The dissent in this case says that the General Assembly may not so provide. This conclusion in the dissent is based on Article I, Sec. 6 of the Constitution, which provides for the separation of powers. The dissent goes to great lengths to prove that the Director of the Office of Administrative Hearings is in the executive branch and concludes that the appointment of the Director may not be made by the Chief Justice. We do not believe it is necessary to resolve this case to determine whether the Director is in the executive branch. Assuming that he is and assuming that Article I, Sec. 6 proscribes the Chief Justice from exercising an executive branch function, the question is whether the appointment of the Director is the exercise of executive power.

We hold that the appointment of a Director of the Office of Administrative Hearings is not an exercise of executive power. The dissent says, "The appointment power is not exclusively legislative in nature and may be delegated." We conclude from this sentence that the dissent does not believe the appointment power is necessarily executive in nature. Article III, Sec. 1 of the Constitution provides that "The executive power shall be vested in the Governor" but it does not define executive power. We believe it means "the power of executing laws." *See Advisory Opinion In re Separation of Powers*, 305 N.C. 767, 774, 295 S.E. 2d 589, 593 (1982). The appointment of someone to execute the laws does not require the appointing party to execute the laws. Article

III, Sec. 5 of the Constitution lists the duties of the Governor. Subsection (4) of this section provides that "The Governor shall take care that the laws be faithfully executed." Subsection (8) provides for the appointment power of the Governor. This indicates that the appointment power is not the same as taking care that the laws are executed. We hold that it is not a violation of the separation of powers provision of our Constitution for the General Assembly to provide that the Chief Justice of the Supreme Court shall appoint the Director of the Office of Administrative Hearings.

The citizens of this state have the right to distribute the governmental power among the various branches of the government, *Lanier v. Vines*, 274 N.C. 486, 164 S.E. 2d 161 (1968), and we do not understand that the appellant contends otherwise. The United States Constitution does not limit this power. *See Hughes v. Superior Court of California*, 339 U.S. 460, 94 L.Ed. 985 (1950) and *Colegrove v. Green*, 328 U.S. 549, 90 L.Ed. 1432 (1946). In this case, we hold that the people have, by the Constitution of North Carolina, authorized the General Assembly to place appointment power in someone other than the Governor. The General Assembly has placed this appointment power in the Chief Justice of the Supreme Court of North Carolina. The Constitution of North Carolina and the Constitution of the United States do not prohibit this.

The judgment of the superior court is

Affirmed.

Chief Justice EXUM did not participate in the consideration or decision of this case.

Justice MEYER concurring in result.

As Martin, J., states in his dissent in this case, the dispositive issue here is whether such a legislative delegation of appointment power violates the constitutional principles of separation of powers. The dissent makes a good case for the proposition that this legislative delegation of appointment power to the Chief Justice is unwise. It does not convince me that such delegation is *unconstitutional*.

The scope of judicial review of challenges to the constitutionality of legislation enacted by the General Assembly is well settled. As this Court stated in *Glenn v. Board of Education*, 210 N.C. 525, 187 S.E. 781 (1936):

It is well settled in this State that the courts have the power, and it is their duty in proper cases, to declare an act of the General Assembly unconstitutional—but it must be plainly and clearly the case. If there is any reasonable doubt, it will be resolved in favor of the lawful exercise of their powers by the representatives of the people.

*Id.* at 529-30, 187 S.E. at 784.

I agree with the majority that the legislature can constitutionally delegate to the Chief Justice the power to appoint the Director of the Office of Administrative Hearings. I write separately because of my belief that the analysis employed by the majority in reaching this result is flawed.

The majority reasons that the separation of powers issue turns on the nature of the Chief Justice's appointment of the Director as an exercise of executive power granted to the Governor in our constitution. My reasoning, however, dictates that the determination of the separation of powers issue turns, not on the nature of the appointment power, but on the nature of the *powers and duties exercised by the person appointed.* If the nature of the powers and duties to be exercised by the appointee are primarily executive in nature, the separation of powers provision of our constitution is violated. If they are primarily judicial in nature, the separation of powers provision is not violated.

In *State ex rel. Wallace v. Bone and Barkalow v. Harrington*, 304 N.C. 591, 286 S.E. 2d 79 (1982), plaintiff sued two members of the North Carolina House of Representatives, challenging the constitutionality of their appointment as members of the North Carolina Environmental Management Commission (EMC). In holding their appointment to the Commission to be an unconstitutional violation of separation of powers, our Court stated: "It is crystal clear to us that the duties of the EMC are administrative or executive in character and have no relation to the function of the legislative branch of government, which is to make laws." *Id.* at 608, 286 S.E. 2d at 88.

N.C.G.S. § 7A-752 specifically provides that the Chief Justice of the North Carolina Supreme Court shall appoint the Director of the Office of Administrative Hearings for the State of North Carolina. N.C.G.S. § 7A-752 (1986).

The dissent concedes that the role played by the Director of the Office of Administrative Hearings is "quasi-judicial." In fact, contrary to what is stated in the dissenting opinion, it is *predominantly* judicial. Of the Director's twelve statutory powers and duties, two comprise the bulk of his activity. First, he is the chief administrative law judge in the State of North Carolina. N.C.G.S. § 7A-751 (1986). Second, as such, he may hear testimony, apply rules of evidence, regulate discovery, issue stays, and make findings of fact and conclusions of law. N.C.G.S. § 150B-33 (Cum. Supp. 1985). These judicial functions are the heart of his job and far outweigh the administrative- or executive-type powers and duties also provided for in the statute. Because I find that the statutory powers and duties of the Director of the Office of Administrative Hearings are primarily judicial in nature, I do not find that the delegation to the Chief Justice of the power to appoint him violates the separation of powers.

The majority's reasoning requires that whenever a question of this nature arises, a labeling of the delegated appointment power as legislative, executive, or judicial be made. This unnecessarily creates a continuing possibility of conflict between sections of our state constitution. This is contrary to our long-standing policy that, in the construction of the North Carolina Constitution, all cognate provisions are to be considered and construed together. *Thomas v. Board of Elections*, 256 N.C. 401, 124 S.E. 2d 164 (1962). The reasoning I adopt herein is consistent with this traditional policy in that it allows potentially conflicting constitutional provisions to be construed as valid.

While I agree with the dissent that the delegation here is unwise, it is not the role of this Court to pass judgment on the wisdom and expediency of a statute. As this Court has recognized:

> The members of the General Assembly are representatives of the people. The wisdom and expediency of a statute are for the legislative department, when acting entirely within constitutional limits. The courts will not disturb an act

of the law-making body unless it runs counter to a constitutional limitation or prohibition.

*McIntyre v. Clarkson*, 254 N.C. 510, 515, 119 S.E. 2d 888, 891-92 (1961).

> The presumption is that an act passed by the Legislature is constitutional, and it must be so held by the courts unless it appears to be in conflict with some constitutional provision. The legislative department is the judge, within reasonable limits, of what the public welfare requires, and the wisdom of its enactments is not the concern of the courts. As to whether an act is good or bad law, wise or unwise, is a question for the Legislature and not for the courts — it is a political question. The mere expediency of legislation is a matter for the Legislature, when it is acting entirely within constitutional limitations, but whether it is so acting is a matter for the courts.

*State v. Warren*, 252 N.C. 690, 696, 114 S.E. 2d 660, 666 (1960) (citations omitted).

I do not mean to say that, under different circumstances, the principles of separation of powers would not render similar legislation unconstitutional. On the contrary, North Carolina, for more than two hundred years, has strictly adhered to these vital principles. Their importance to our system of government is fundamental and unquestioned. As the United States Supreme Court stated in *O'Donoghue v. United States*, 289 U.S. 516, 77 L.Ed. 1356 (1933):

> This separation is not merely a matter of convenience or of governmental mechanism. Its object is basic and vital, *Springer v. Philippine Islands*, 277 U.S. 189, 201, [72 L.Ed. 845, 849 (1928),] namely, to preclude a commingling of these essentially different powers of government in the same hands.

*Id.* at 530, 77 L.Ed. at 1360. Where the legislature passes a statute which creates such commingling, this Court will not hesitate to hold that the statute violates the separation of powers provision of our state constitution.

In sum, I agree with the majority that the legislature can constitutionally delegate to the Chief Justice of the North Carolina Supreme Court the power to appoint the Director of the Office of Administrative Hearings; however, I do so for reasons different than those relied upon by the majority.

Justice WHICHARD joins in this concurring opinion.

Justice MARTIN dissenting.

Believing as I do that the grant by the legislature to the Chief Justice of the power to appoint the Director of the Office of Administrative Hearings violates the constitutional principles of separation of powers, I respectfully dissent.

A few preliminary observations are appropriate:

(1) No federal constitutional issues arise in this appeal. *Highland Farms Dairy, Inc. v. Agnew*, 300 U.S. 608, 81 L.Ed. 835 (1937).

(2) The Constitution of North Carolina is a limitation of the powers of the General Assembly, not a grant of power to it. *Mitchell v. Financing Authority*, 273 N.C. 137, 159 S.E. 2d 745 (1968). The General Assembly possesses all political power of the state not prohibited it or delegated to another branch of the government by the constitution. The Office of Governor has no such prerogative powers but is confined to the exercise of the powers conferred upon it by the constitution and statutes.

(3) The General Assembly has the authority to appoint the Director of the Office of Administrative Hearings. The Governor's power of appointment is limited to officers whose appointments are not otherwise provided for. N.C. Const. art. III, § 5(8). The appointment of the Director of the Office of Administrative Hearings *is* otherwise provided for.

(4) The General Assembly has the power to delegate to another the authority to appoint the Director of the Office of Administrative Hearings. *Motsinger v. Perryman*, 218 N.C. 15, 9 S.E. 2d 511 (1940); *Cunningham v. Sprinkle*, 124 N.C. 638, 33 S.E. 138 (1899); 16 C.J.S. *Constitutional Law* § 135, at 439.

(5) The General Assembly has the power to delegate to the Attorney General the authority to appoint the Director of the Office of Administrative Hearings. The Attorney General is a member of the executive branch of government. The appointment power is not exclusively legislative in nature and may be delegated. The delegation of appointive powers to officers of the executive branch is generally proper. *In re Community Association*, 300 N.C. 267, 266 S.E. 2d 645 (1980); *Adams v. Dept. of N.E.R. and Everett v. Dept. of N.E.R.*, 295 N.C. 683, 249 S.E. 2d 402 (1978); *Jernigan v. State*, 279 N.C. 556, 184 S.E. 2d 259 (1971). Upon such delegation, it would be appropriate for the Attorney General to appoint the Director of the Office of Administrative Hearings.

I turn now to the question of whether the legislature can constitutionally delegate to the Chief Justice the power to appoint the Director of the Office of Administrative Hearings. In my view, the Director is an executive officer and constitutional principles of separation of powers proscribe the Chief Justice from making this appointment.

The statute in question purports to empower the Chief Justice of the North Carolina Supreme Court to appoint the Director of the Office of Administrative Hearings.

The Director has the following statutory powers and duties:

(1) He is the head of the Office of Administrative Hearings. N.C.G.S. § 7A-751 (1986).

(2) He is the chief administrative law judge. *Id.*

(3) He shall appoint additional administrative law judges. N.C.G.S. § 7A-753 (1986).

(4) He may designate and assign certain administrative law judges to preside over specific types of contested cases. *Id.*

(5) He shall take an oath of office. N.C.G.S. § 7A-754 (1986).

(6) He may remove an administrative law judge for just cause. *Id.*

(7) He can administer oaths in any pending or potential contested case. N.C.G.S. § 7A-756 (1986).

(8) He can sign and issue subpoenas to witnesses. *Id.*

(9) He can apply to a judge of superior court for orders necessary to enforce powers conferred by Article 60 of Chapter 7A of the General Statutes of North Carolina. *Id.*

(10) He may contract with qualified persons to serve as hearing officers for specific assignments. N.C.G.S. § 7A-757 (1986).

(11) He may, at the request of an agency, provide a hearing officer to preside at hearings of public bodies not otherwise authorized to utilize a hearing officer from the Office of Administrative Hearings. N.C.G.S. § 7A-758 (1986).

(12) He may hear testimony, apply rules of evidence, regulate discovery, issue stays, and make findings of fact and conclusions of law. N.C.G.S. § 150B-33 (Cum. Supp. 1985).

While some of the powers and duties of the Director may properly be described in part as being "quasi-judicial," they are not unique to the judiciary. They include administering oaths to witnesses, issuing subpoenas, hearing testimony, applying rules of evidence, regulating discovery, issuing stays, making findings of fact and conclusions of law, and recommending decisions. Various executive officers and members of the legislature can perform each of these functions, with the possible exception of regulating discovery.

Legislators in committee hearings subpoena witnesses and documents and administer oaths, N.C.G.S. §§ 120-14, -15 (1986); hear testimony, apply rules of evidence, N.C.G.S. §§ 120-19.1, .2 (1986); apply to judges of superior court for orders necessary to enforce powers of the legislature, N.C.G.S. § 120-19.4(b) (1986).

Agents in the executive branch likewise can exercise these powers. The Employment Security Commission has statutory authority to so do, N.C.G.S. § 96-4 (1985); likewise, the Industrial Commission, N.C.G.S. §§ 97-79, -80 (1985). Consider the myriad of other state commissions and boards, for example, commissions and boards of architects, barbers, certified public accountants, contractors, dentists, morticians, nurses, opticians, pharmacists,

physicians, real estate brokers, and sanitarians, all of which have the authority to exercise these same powers in various ways.

Surely, the majority would not approve the legislature delegating to the Chief Justice the power to appoint the chairman or members of any of these executive agencies.

It is not enough to say that the Director of the Office of Administrative Hearings exercises some quasi-judicial powers and therefore this is a sufficient nexus to the judicial branch of government to allow the Chief Justice to make this appointment. Most of the duties and powers of the Director set out above are not quasi-judicial in nature but are purely administrative in character. Although the Director utilizes some quasi-judicial methods of dispute resolution, the issues before the Director and the Office of Administrative Hearings are administrative issues. It is only on appeal before the General Court of Justice that the legality of the actions is resolved. The courts are involved with judicial decisions while the Director and the Office of Administrative Hearings are concerned with administrative decisions.

Of course, it is well recognized that the legislature cannot create a court not authorized by the constitution. N.C. Const. art. IV, § 1. Nor does the legislature purport to do so in this instance; the body created is an administrative agency, a part of the executive branch of government, not a part of the judicial branch. The legislature can delegate to the Chief Justice the power to appoint officers of the judicial branch, for example, Director and Assistant Director of the Administrative Office of the Courts, N.C.G.S. §§ 7A-341, -342 (1986); chief district court judges, N.C.G.S. § 7A-141 (1986); appellate defender, N.C.G.S. § 7A-486.2 (1986); the Chief Judge of the Court of Appeals, N.C.G.S. § 7A-16 (1986). The clerk of the Supreme Court is appointed by the Supreme Court, N.C.G.S. § 7A-11 (1986), and the clerk of the Court of Appeals by the Court of Appeals, N.C.G.S. § 7A-20 (1986). Senior resident superior court judges appoint their public defenders, N.C.G.S. § 7A-466 (1986), magistrates, N.C.G.S. § 7A-171 (1986), and court reporters, N.C.G.S. § 7A-95 (1986).

The appointments above noted are to offices that are within the judicial branch of government; the Director of the Office of Administrative Hearings is within the executive branch of gov-

ernment. Our constitution provides: "The legislative, executive, and supreme judicial powers of the State government shall be forever separate and distinct from each other." N.C. Const. art. I, § 6. This provision must be strictly construed by the Court. *State ex rel. Wallace v. Bone and Barkalow v. Harrington,* 304 N.C. 591, 286 S.E. 2d 79 (1982). (This opinion contains an excellent exposition on the doctrine of separation of powers.) One of the primary objectives of the doctrine of separation of powers is to preserve and protect the independence of the judiciary.

The reasoning of the Massachusetts court in *Opinion of the Justices,* 365 Mass. 639, 309 N.E. 2d 476 (1974), is compelling. The legislature of Massachusetts created an electronic data commission and provided for appointment of two members of the commission by the Chief Justice of the Supreme Judicial Court of Massachusetts. In an advisory opinion, the Massachusetts court held that the legislation would be unconstitutional as a violation of the doctrine of separation of powers. The court reasoned that although the legislature could delegate the appointive power, it could not confer the power of appointment upon the judicial branch of government with respect to officials not exercising a judicial function or one incidental to the exercise of judicial powers. The people of Massachusetts have removed the judiciary from political influences of every kind. *See also Nelson et al. v. City of Miller,* 83 S.D. 611, 163 N.W. 2d 533 (1968).

I view the Massachusetts case as applying equally to the present controversy. Our Chief Justice can appoint officers whose duties are closely connected with the judicial work of the Court, for example, the Director of the Administrative Office of the Courts, but cannot appoint officers such as the Director of the Office of Administrative Hearings, whose work would affect the functioning of the other two branches of government. While the Director's duties may be in some sense incidental to the function of the courts, it is in reality much broader than that. It is plain that the Director does not exercise judicial powers; the constitution prohibits such. N.C. Const. art. IV, § 1. Likewise, the powers of the Director are not incidental to the exercise of judicial powers by the courts. The actions of the Office of Administrative Hearings *create* additional legal issues properly to be resolved by the judicial branch, but its actions are not otherwise incidental to the exercise of judicial power by the courts.

The article establishing the Office of Administrative Hearings itself states that its purpose is to provide "a source of independent hearing officers . . . [to] thereby prevent the commingling of legislative, executive, and judicial functions in the administrative process." N.C.G.S. § 7A-750 (1986). By conferring the power to appoint the Director upon the Chief Justice, the legislature has defeated the very purpose of its statute by commingling the legislative and judicial functions.

In summary, I find that the Governor has no authority to appoint the Director of the Office of Administrative Hearings unless it is granted to him by the General Assembly. The General Assembly can delegate the appointment of the Director to another official. In so doing, it must not violate the constitutional principles of separation of powers. Conferring this power of appointment upon the Chief Justice violates the constitutional principles of separation of powers, and that portion of the statute is unconstitutional.

By placing the yoke of this appointive power upon the Chief Justice, the judicial branch has been cast adrift upon uncharted waters amid the rocky shoals of political influence. The genius of the doctrine of separation of powers is to prevent such result.