CODINGTON COUNTY, Appellant, v. BOARD OF COUNTY COM'RS OF CODINGTON COUNTY, Respondents.

(212 N. W. 626.)

(File No. 6400. Opinion filed March 7, 1927.)

1. Counties — County Commissioners — Selection of Architects for Public Building by Board of County Commissioners Is Not Exercise of Quasi Judicial Power as Regards Right of Appeal (Rev. Code 1919, § 5886).

Selection of architect by board of county commissioners to plan and supervise public building is not exercise of quasi judicial power, but is an administrative act as regards right to appeal from such decision to circuit court under Rev. Code 1919, § 5886.

2.  **Counties—Appeals—"Decision" of Board of County Commissioners Selecting Architects to Superintend and Furnish Plans for Construction of Courthouse Held Not Appealable (Rev. Code 1919, § 5886).**

    Appeal by county from decision of board of county commissioners selecting firm of architects to furnish plans and specifications for, and superintend construction of, courthouse, held properly dismissed, under Rev. Code 1919, § 5886, since word "decision," as used in statute, means a determination quasi judicial in its nature.

3.  **Counties—Fraud—Existence of Fraud in Action of County Commissioners Cannot of Itself Make Such Action Reviewable by Appeal, Where Not Otherwise Appealable (Rev. Code 1919, § 5886).**

    Existence of fraud in any action of county commissioners cannot of itself make such action reviewable by appeal, if it is not otherwise appealable, under Rev. Code 1919, § 5886.

Note.—See, Headnote **(1)**, **(2)** and **(3)** American Key-Numbered Digest, Counties, Key-No. 58, 15 C. J. Sec. 125.

Appeal from Circuit Court, Codington County; HON. W. W. KNIGHT, Judge.

An appeal to the Circuit Court by the County of Codington from the decision of the Board of County Commissioners of Codington County, consisting of James E. Kiley and others, selecting the firm of Freed, Perkins & McWayne as architects for a courthouse. From an order dismissing the appeal, the County appeals. Affirmed.

*A. B. Jaynes,* State's Attorney, and *Perry F. Loucks,* both of Watertown, for Appellant.

*Hasche & Foley,* of Watertown, for Respondent Board.

*McFarland & Kremer,* of Watertown, for Respondents Architects.

GATES, J.    The board of county commissioners of Codington county selected the firm of Freed, Perkins & McWayne as architects to furnish plans and specifications for, and superintend the construction of, a courthouse. The bid of said firm was not the lowest which had been submitted at the invitation of the board. From that determination the state's attorney, pursuant to the written demand of seven taxpayers, took an appeal to the circuit court. Rev. Code 1919, § 5886. Thereupon the board and the architects

separately moved to dismiss the appeal. From an order of the circuit court dismissing the appeal this appeal is taken on behalf of the county.

The only question before us is whether the action taken by the board in selecting the firm of architects can be reviewed by the circuit court upon an appeal taken under the provisions of section 5886, Rev. Code 1919.

That section provides, and the law has been the same since early territorial days:

"From all decisions of the board of county commissioners upon matters properly before it there shall be allowed an appeal to the circuit court."

Notwithstanding the broad language of the statute, the Supreme Courts of Dakota Territory and of this state have consistently declared that it is only from such determinations as are of a quasi-judicial nature that an appeal will lie. The reasons for such holding are well stated in the following quotation from Fulkerson v. Board of Com'rs, 31 Kan. 125; 1 P. 261, which was quoted with approval by Chief Justice Tripp in Pierre Water-Works Co. v. Hughes Co., 5 Dak. 145, 37 N. W. 733:

"Now will an appeal lie from the board of county commissioners to the district court upon every 'decision' made by the board in the exercise of its various powers? The plaintiff in error claims that it will; and he makes this claim solely and entirely upon the broad language of section 30 of the act relating to counties and county officers. [Comp. Laws Kan. 1879, § 1419.] He says that 'any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court.' And he claims that a decision may be made by the board in the exercise of one power as well as in the exercise of any other power. This is true. The board must make decisions in the exercise of its legislative powers as well as in the exercise of its quasi judicial powers. And even in the exercise of its discretionary powers, or any of its political powers, it must also make decisions. And in any single matter that may come before the board it may make decisions. Many of such decisions may be preliminary or intermediate; and will the plaintiff in error claim that an appeal lies from each and every one of such decisions? Suppose that the board in the present case, instead of

refusing to grant the petition of the plaintiff in error, and the fifty-five others who signed the same, had simply decided to postpone the matter until the next meeting of the board, and suppose the plaintiff in error had felt aggrieved at such decision could he have taken an appeal to the district court? And could he have continued to take appeals from every decision made by the board with reference to the matter? In the present case, Fulkerson alone appeals. Now has each one of the other fifty-five signers of the petition a like appeal? In the establishment of a county road, the board may make one hundred, or even a much greater number of decisions preliminary, intermediate and final; and will an appeal lie from such decisions? It seems to us there must be a limit somewhere; that the Legislature never intended that an appeal should lie from every decision made by the board of county commissioners. Then what are the limitations upon the privilege of persons to take appeals from the decisions of the board of county commissioners? The district court is simply a court, and exercises only judicial power; hence we would suppose that appeals from the board of county commissioners to the district court must be limited to such cases as require the exercise of purely judicial powers; and therefore that when the board of county commissioners exercises political power, or legislative power, or administrative power, or discretionary power, or purely ministerial power, no appeal will lie."

See, also, Taubman v. Board of Com'rs, 14 S. D. 206, 84 N. W. 784; Board of Com'rs v. C., M. & St. P. Ry. Co., 26 S. D. 57, 127 N. W. 728; Re Sorenson Drainage Ditch, 27 S. D. 342, 131 N. W. 300; State ex rel Cook v. Board of Comr's, 29 S. D. 358, 137 N. W. 354; Re Yankton-Clay County Drainage Ditch, 30 S. D. 79, 137 N. W. 608; Hoyt v. Hughes Co., 32 S. D. 117, 142 N. W. 471; Yankton County v. Board of Com'rs, 46 S. D. 246, 192 N. W. 179; and County of Codington v. Board of Com'rs, 47 S. D. 520, 199 N. W. 594.

[1] The selection of an architect to plan and supervise the construction of a public building is not the exercise of quasi judicial power, but is an administrative act. In Kraus v. Board of Com'rs, 39 Ind. App. 624, 80 N. E. 544, the court said:

"Appellee, the board of commissioners of the county of Miami, on December 18, 1905, entered into a contract, in writing, with

Lehman & Schmitt, architects, for the preparation of plans and specifications for a courthouse in said county, and the superintendence of the construction thereof. Appellant, as a taxpayer and aggrieved thereby, filed his affidavit and bond for an appeal to the Miami Circuit Court from said action of said board, under section 7859, Burns' 1901, section 5772, R. S. 1881. The cause was transferred from the Miami circuit court to the Cass circuit court, and there, upon motion of appellee, the appeal was dismissed. This ruling of the court on the motion to dismiss is assigned as error.

"The action of the board in entering into said contract with Lehman & Schmitt was an administrative act, and not a decision from which an appeal will lie under said section. Board, etc., v. Davis (1894), 136 Ind. 503 [36 N. E. 141], 22 L. R. A. 515; Moffit v. State ex rel. (1872), 40 Ind. 217; Farley v. Board, etc. (1891), 126 Ind. 468 [26 N. E. 174]; Platter v. Board, etc. (1885), 103 Ind. 360 [2 N. E. 544]; ' Boyle v. Shannon (1881), 80 Ind. 159; Good v. Burk (1906), 167 Ind. 462 [77 N. E. 1080]; Potts v. Bennett (1894), 140 Ind. 71 [39 N. E. 518]. This being true, the motion to dismiss the appeal was properly sustained."

The selection of an architect is, or should be, a result reached by an opinion of personal choice. It is not a result reached by mathematical computation nor by the weighing of evidence. That this is so is further shown by the fact that statutes requiring public work to be let upon competitive bids after advertisement are not construed by the courts to cover the employment of architects. Tackett v. Middleton (Tex. Com. App., 280 S. W. 563, 44 A. L. R. 1143, and see note 44 A. L. R. 1150-1158.

It is clear that, if the circuit court had heard, without objection, the merits of the appeal, it could not have substituted its judgment for that of the board. It could not have selected, nor ordered the selection of, a designated architect or firm of architects. Its power could have been manifested only by affirming or vacating the action of the board; and this, it seems to us, marks the distinction between quasi judicial action on the one hand and administrative action on the other. If the action appealed from is quasi judicial, then the court on appeal can do what it finds the board should have done, but, if the action appealed from is not quasi judicial, then the court, upon appeal, cannot substitute its judgment for that of the board. If the Legislature had expressly

provided that upon appeal in this proceeding the court might have determined the architect to be selected, such a provision by the Legislature would have invaded the constitutional division of the departments of government.    Const. art. 2.    See, also, 12 C. J. 873.    In Champion v. Board of Com'rs, 5 Dak. 416, 41 N. W. 739, the territorial court, again referring to the statute authorizing appeals from the county board, said:

"The language is broad enough to cover every decision made by the board, of whatsoever kind or character. If the language is to receive a literal construction, the district court would become an asylum for all matters occurring at the meetings of the board. Some person would always conceive himself aggrieved, and, as the cause is to be tried de novo, the district court would be converted into a board of county commissioners to determine matters administrative and political as well as judicial. Clearly no such construction can be given to the appeal allowed by statute. Judicial power, and all the judicial power of the territory, is expressly conferred upon the courts, to wit, the supreme and district courts, courts of probate, and justices of the peace. The Legislature can create no other court; and can confer judicial power, strictly such —that which 'deprives of life, liberty, or property,'—upon no other tribunal. Quasi judicial powers involving judgment and discretion are often, and must necessarily be, exercised by administrative and executive bodies and officers. A judicial power, as such, can be exercised only by the courts. The three great departments of the government are intended to be, and must be, separate and distinct. The Legislature has no power to confer a strictly executive and administrative or legislative power upon the judiciary, and whenever it has sought to do so the courts have declared it void. As early as 1792 Congress undertook to confer upon the courts the power to determine what soldiers should be placed upon the pension list, but the Supreme Court declared the act unconstitutional and void, in that the determination of who were and who were not entitled to pensions belonged to the administrative or executive department of the government. Marbury v. Dadison, 1 Cranch, 171 [2 L. Ed. 60]. See, also, U. S. v. Ferreira, 13 How. 40 [14 L. Ed. 42]."

[2]    We therefore adhere to the definition of the word "decision" in said section 5886 as heretofore pronounced by this court

and its predecessor, viz., a determination quasi judicial in its nature; and are therefore of the opinion that the trial court did not err in dismissing the appeal.

[3]    But appellant's counsel intimated at the oral argument that they expected to show fraud on the part of the board if a trial de novo were had, even though neither the record nor the notice of appeal mention any claim of fraud, and they asserted that the dismissal of the appeal by the circuit court was contrary to the rule applied in Downs v. Bruce Ind. Sch. Dist., 45 S. D. 326, 187 N. W. 620, wherein we said:

"Again it is urged that the clause in the notice of appeal reciting that the appeal is from the action of the board dismissing appellants did not give the court jurisdiction to try the question whether or not appellants had resigned. Such a contention is extremely technical, and it is sufficient to observe that, if appellants had not in fact resigned, the action of the board, in its legal effect, was neither more nor less than a wrongful 'dismissal' of appellants. But the notice of appeal was sufficient to identify the action appealed from, and to give the court jurisdiction, and upon a trial de novo this particular recital in the notice of appeal could hardly be urged as a variance in pleading which would justify the exclusion of evidence tending to show that appellants had not in fact resigned."

It is sufficient to observe that the subject matter of this appeal is not the subject of review by way of an appeal under said section 5886, Rev. Code 1919. The existence of fraud in any action of the county commissioners cannot of itself make such action reviewable by appeal, if it is not otherwise appealable. Doubtless a remedy for the fraud exists, but it is not by appeal.

The order appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.