In re COMMON SCHOOL DIST. IN HIGHMORE INDE-
PENDENT SCHOOL DISTRICT, of HIGHMORE,
HYDE COUNTY, BROWN, et al, Respondents,
v. SCHENK, et al, Appellants.

(222 N. W. 690.)

(File No. 6272.   Opinion filed December 31, 1928.)

M. C. *Cunningham*, of Highmore, for Appellants.
M. *Harry O'Brien*, of Highmore, for Respondents.

BURCH, P. J.  On November 25, 1924, a petition was filed in the office of the clerk of the circuit court of Hyde county, in compliance with the provisions of chapter 175, Laws 1923, to organize and form a common school district from territory embraced within Highmore independent school district.  The petition was in due form, had the requisite number of qualified signers, with a plat attached, and requested the formation of the new districts in accordance with the plat.  Each new proposed district embraced the required territory and contained property of the required assessed valuation.  Due notice was given and a hearing was had, as provided by law, and the court rendered judgment allowing the prayer of the petition.  Defendants appeal from the judgment and an order denying a new trial.

No question is raised as to the sufficiency of the petition or any of the proceedings prior to the hearing.  Appellants contend that chapter 175, Laws 1923, attempts to confer upon the court legislative power; that, the Constitution having conferred such power exclusively upon the Legislature, it cannot be delegated to

the court, and any attempt to do so is unconstitutional and void. The constitutionality of this statute (chapter 175, Laws 1923.), on the ground that it delegated legislative power to the judiciary, was questioned in Larsen v. Seneca Independent School Dist., 50 S. D. 444, 210 N. W. 661, and the statute was upheld as constitutional. Statutes involving the same principle have been consistently upheld by this court in city limits exclusion cases and drainage ditch cases, and we are not disposed at this late day to re-examine or consider the reasons therefor.

The court permitted the introduction in evidence of the petition on which the proceedings were instituted, without requiring proof of the genuineness of each signature appended thereto. The petition partakes of the nature of a pleading, and is one of the documents upon which the jurisdiction of the court depends. It was not necessary that it be introduced in evidence. If the genuineness of the petition was questioned, it should have been attacked by a challenge to the jurisdiction of the court to act thereon. The jurisdiction of the court will be presumed, until properly challenged. Here it is not contended that the signatures to the petition were not genuine, or that they were not proven by the affidavit of the person circulating the petition, or that any other jurisdictional fact did not appear on the face of the record by return, affidavit, or other appropriate proof usual in court proceedings, but the objection goes only to its admission in evidence without more formal proof. It was sufficiently proven, if shown to be a file of the court.

The sufficiency of the petition is questioned, because it did not request the court to apportion the property of the district or the indebtedness other than bonded indebtedness. The statute does not require that the petition contain such request. The statute (section 3) expressly requires the court, if a division is ordered, to make an equitable apportionment of the property and indebtedness of the districts affected by the division, except bonded indebtedness, which cannot be transferred from the territory against which it was originally incurred.

The sufficiency of the evidence to support the findings is questioned, but it cannot well be considered. No transcript was secured from the reporter and the evidence was not abstracted in the brief. As a substitute, the parties stipulated the purport of the evidence. While the findings are much more in detail, and specify

numbers and amounts, they are not inconsistent with the stipulated general purport of the evidence. Furthermore, appellant has not specified wherein the evidence is insufficient, and the findings will therefore not be disturbed.

Lastly, appellant contends that there is no proof that the educational interests of the districts will be furthered by the division. They say this proceeding does not contemplate the question of taxation, and the matter of taxation should have no weight in the determination of the case. What considerations should control the court need not now be considered. The court found, among other things of similar import, that none of the children in the new proposed district attended high school, and that all were compelled to travel long distances to attend grade school, as the district is now constituted, or to attend in adjoining districts, which facts have some bearing on educational advantages, if that is one of the reasons, or the sole reason governing the action of the court.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., concurs in result.