NELSON et al., Respondents
v.
CITY OF MILLER, Intervener and Appellant

(163 N.W.2d 533)

(File No. 10454. Opinion filed December 20, 1968)

**Heidepriem & Widmayer,** Miller, for plaintiffs and respondents.

**Davil E. Morrill,** Sturgis, **James I. Hare,** Miller, for intervener and appellant.

PER CURIAM.

To settle disputes arising from competition between suppliers of electricity in certain areas the legislature passed Ch. 254, Laws of 1965. A brief outline of parts of the act will assist in indicating its plan. Section 12 creates the South Dakota Electric Mediation Board "with quasi judicial powers for the sole purpose of determining which electrical supplier shall provide electric service in certain areas as herein provided." Section 13 provides for six state members of the Board to be appointed by the governor: Two are from a list of three names submitted by the S. D. Municipal Electric Association known as Municipal members; two from a list submitted by the S. D. Electric Information Institute known as Investor Owned members and two from a list submitted by the S. D. Rural Electric Association known as Rural Electric members. Section 14 provides the person or supplier directly involved desiring to protest electric service, actual or contemplated in certain areas around municipalities, may file a petition for hearing with the senior circuit judge of the judicial circuit setting forth the dispute. Section 15 provides each of the electrical suppliers involved in the dispute shall certify to the circuit judge the name of a person to serve on the Board, known as local members. These two local members, the four state members representing the

"two segments involved in the dispute (here the city and rural members) and the Circuit Judge, acting as the chairman and secretary, shall constitute the Mediation Board for the purpose of settling the dispute in question."

It also directs the judge to fix a time and place for hearing and give notice to all members, persons and suppliers involved.

The City of Miller and Ree Electric Co-operative, herein called City and Ree, both in the electric distribution business in or adjacent to that City, became involved in a dispute as to which was to be the electrical supplier of consumers on a tract of land annexed by the City. The City filed a petition under Ch. 254, asking the senior circuit judge of the Ninth Judicial Circuit to assemble the Mediation Board created thereby to hear and settle the dispute. Each of them selected their local member and these two, with four statewide members—two representing the S. D. Municipal Electric Association and two representing the S. D. Rural Electric Association—met with the circuit judge for the hearing on the petition. In the meantime Dayton and Carroll Nelson, owners of the annexed land and consumers of electricity thereon, who had requested and contracted for service by Ree, filed an application for an alternative writ of prohibition against the Board as defendant. Nelsons asserted the unconstitutionality of Ch. 254. The City and Attorney General intervened. RCP 24. After a hearing, the trial court entered a judgment granting the writ enjoining the Board from determining the dispute between the City and Ree. This result followed the trial court's conclusion that the part of Ch. 254 which made the circuit judge a member of the Board of Mediation was unconstitutional in that it attempted to clothe a member of the judicial department of government with administrative duties properly exercised by the executive department. The City appealed.

In considering the question it is important to single out the question that is presented and those which are not. The authority of an administrative board to exercise legislative, executive or quasi judicial powers is not presented. The difficulty of sifting or cataloging these powers is mentioned by Professor Davis

in § 1.09 of his Administrative Law Treatise. Nor is the function or authority of Boards of County Commissioners, Education or Public Utilities, or the review of their decisions by the courts here involved. Nor are we confronted with the authority of courts to enter the field of vacation of city plats (SDC 45.2808); excluding land therefrom (SDC 45.2903); formation of school districts (SDC 15.2505, now repealed) and other similar proceedings. This court has been in those difficult thickets before with varying results. We mention only a few in passing. Wickhem v. City of Alexandria, 23 S.D. 556, 122 N.W. 597; Codington County v. Board of Com'rs of Codington County, 51 S.D. 131, 212 N.W. 626; Brown v. Schenk, 54 S.D. 146, 222 N.W. 690; Dunker v. Brown County Board of Education, 80 S.D. 193, 121 N.W.2d 10, and cases cited therein. So have other courts. See In Re Richardson, infra. What was written in these fields may indicate doctrines and policies which affect our problem.

What is involved is the designation or appointment of a circuit judge to act as one member of a Board of Mediation of seven members to mediate, settle and determine a dispute between two corporations as to which is to provide future electrical service to the consumers of the territory involved. Prior to statehood this court's predecessor, the Territorial Court of Dakota, in Champion v. Board of County Commissioners, 5 Dak. 416, 41 N.W. 739, recognized the existence and some of the limitations of our form of government when it wrote:

> "all the judicial power * * * is expressly conferred upon the courts * * * The legislature can create no other court; and can confer judicial power, **strictly such,**—that which 'deprives of life, liberty, or property,'—upon no other tribunal. **Quasi** judicial powers involving judgment and discretion are often, and must necessarily be, exercised by administrative and executive bodies and officers. A **judicial power,** as such, can be exercised only by the courts. The three great departments of the government are intended to be, and must be, separate and distinct. The legislature has no power to confer a strictly executive and administrative

or legislative power upon the judiciary, and whenever it has sought to do so the courts have declared it void. * * * The courts hold, and must continue to hold, that they cannot and will not exercise other than judicial power."

The South Dakota Constitution thereafter adopted by the people preserved this distinction by Art. II which provides:

"The powers of the government of the state are divided into three distinct departments, the legislative, executive and judicial; and the powers and duties of each are prescribed by this constitution."[1]

Art. V, § 1 provides the "judicial powers of the state * * * shall be vested" in the courts therein mentioned, including the circuit courts; § 14 for the jurisdiction and powers of circuit courts and judges thereof; § 15 for the election of circuit judges and § 18 that writs of error and appeals may be allowed from decisions of the circuit courts to the supreme court. This court likewise adopted the reasoning of the Territorial Court by thereafter quoting the Champion statements above in Codington County v. Board of Com'rs of Codington County, 1927, 51 S.D. 131, 212 N.W. 626, and Bandy v. Mickelson, 1950, 73 S.D. 485, 44 N.W.2d 341, 22 A.L.R.2d 1129.

Plaintiffs urge Ch. 254 is violative of the separation of powers doctrine implanted in our constitution by the provisions heretofore cited and also by Art. V, § 35 which provides:

"No judge of the supreme or circuit courts shall be elected to any other than a judicial office, or be eligible thereto, during the term for which he was elected such judge."

Some of the decisions cited by counsel holding a judge is prohibited from acting as a member of a board where based on `specific prohibitions or on constitutional provisions differing somewhat from our own.

---

1. Article III vests legislative power in the legislature and Article IV vests executive power in the governor.

In Abbott v. McNutt, 218 Cal. 225, 22 P.2d 510, 89 A.L.R. 1109, a statute made it the duty of two judges or their nominees to be members of a board of five persons to select candidates for the position of county manager. The court held the judges were precluded from serving on the board under a constitutional provision declaring they were "ineligible to any other office or public employment than a judicial office".

A New York statute authorized the governor to direct a justice to conduct an investigation into proceedings for removal of a public officer. It was held such service of a justice was non-judicial and prohibited by the constitution which provided judges " 'shall not hold any other office or public trust.' " The court said the policy is to conserve the time of the judges in the performance of their work as judges, and "to save them from the entanglements, at times the partisan suspicions, so often the result of other and conflicting duties." In Re Richardson, 247 N.Y. 401, 160 N.E. 655.

In Local 170, Transport Workers Union of America, C.I.O. v. Gadola, 322 Mich. 332, 34 N.W.2d 71, the act named a judge as one of three members and chairman of an arbitration board to mediate a labor dispute. The Michigan constitution provided "No person belonging to one department shall exercise the powers properly belonging to another", Art. 4, § 2, and "Circuit judges shall be elected * * * (and) shall be ineligible to any other than a judicial office", Art. 7, § 9. The court said the act added a new duty not judicial in nature to the office of circuit judge and then quoted from Judge Cardozo's Richardson opinion, supra, as follows:

> " 'The statute annexes or seeks to annex to the office of a judge, not a temporary power to be exhausted by a single act * * * but a continuing power to be exercised whenever occasion shall arise. * * * As often as the need arises, the call is to be met.' "

We have quoted those parts of this opinion with reference to whether a single act or some length of time was involved, for the reason it is apparent the issues and duties set out in Ch. 254

do not involve a single act and with the hearings will be extensive and time consuming. This is apparent from the record and the fact this court now has before it four appeals from two of the proceedings pending under the act.

In the New York statute the judge acted alone; by the California and Michigan statutes the judges acted as minority members of an administrative board. Ch. 254, Laws of 1965, likewise makes the circuit judge, acting in a nonjudicial capacity, a minority member of an administrative board. An examination of the act discloses the Mediation Board is created "with quasi judicial powers", § 12; that in "acting as chairman, secretary and a member of the Board, the Circuit Judge is not acting in his judicial capacity", § 15; and, upon conclusion of the hearing, "the Board shall determine its findings and decision by a majority vote recorded in the record", § 19. These clauses recognize the fact the judge is not acting in his judicial capacity by the declaration he is not so acting and that his vote is only as an individual member of the Board acting in a nonjudicial capacity.

Historical and scholarly discussions of the separation of governmental powers appear in State ex rel. White v. Barker, 116 Iowa 96, 89 N.W. 204, 57 L.R.A. 244, and State ex rel. Young v. Brill, 100 Minn. 499, 111 N.W. 294, 639. It has been said it exists by virtue of the organization and the grants of legislative, executive and judicial powers to each of the three departments of government. 16 Am.Jur.2d, Constitutional Law, § 212. Our court has recognized the constitutional separation of powers doctrine and declared it cannot be done away with by legislative action. Dunker v. Brown County Board of Education, supra.

The Board created by the act contains seven members, i.e., one representative from each of the disputants and two members from each of the groups or segments involved in the dispute, with the circuit judge as the only member without a connection or allegiance to either contender. If a circuit judge on appeal is limited to and may exercise judicial power only and has no power to consider the merits of decisions involving

the exercise of administrative or legislative power as our decisions hold, then it would be an anomaly to permit a judge to be a member of such a board which exercises nonjudicial power. Codington County v. Board of Com'rs of Codington County supra. Dunker v. Brown County Board of Education, supra. Meritorious and important as the challenged act may be and mindful of the confidence the legislature and sponsors have in the judges designated, we must conclude the act, by designating a judge as one member of a seven member administrative board, violates this separation of powers[2] doctrine fundamental to our form of government, for, as the court in Local 170, Transport Workers Union of America, C. I. O. v. Gadola, 322 Mich. 332, 34 N.W.2d 71, wrote:

> "the absolute independence of the judiciary from executive or legislative control is of transcendent import. Our form of government cannot be maintained without an independent judiciary; and, if we as a people submit to a mingling of governmental power, we then accept in fact that which we most abhor—one-man autocratic control—and the constitutional safeguards of our Nation and State would then be abrogated."

■ As in the Richardson opinion we reach the stage of whether, granting that functions nonjudicial may not be cast upon a judge so as to impose a duty of acceptance, he has a privilege to assume the performance of the duty, not in his capacity as a judge—but in his private or individual capacity. This latter suggestion may seem plausible when first presented. However, the reasons given by Judge Cardozo in the Richardson opinion demonstrate that choice is not given to the judge in the act nor may it constitutionally be made such a choice by him. The Michigan court in Gadola so concluded stating, "To argue that we may separate a judge as the individual servant of the State from a judge sitting as a judicial officer is too specious to stand the constitutional test". 34 N.W.2d at 78 and see in accord State ex rel. Young v. Brill, 111 N.W. at 650.

---

2. This conclusion is supported by the policy announced, if not compelled, by the wording of Art. V, § 35, South Dakota Constitution, supra.

Section 30 of the act states:

"If any provisions of this act or any severable provision of a section of this act, or the application of such provision to any person or circumstance, shall be held invalid the remainder of the act or section thereof and the application of such provision to persons and circumstances other than those as to which it held invalid shall not be affected."

The doctrine of separability requires the court to uphold any phase of the measure if the legislature would have enacted that much without the part the constitution rejects. State ex rel. Mills v. Wilder, 73 S.D. 330, 42 N.W.2d 891. However, as the act requires a majority vote and it appears the circuit judge is the key member of the Board, we conclude the legislature would not have passed the act without the circuit judge as the seventh member.

██ We reach our decision mindful of the presumption that favors validity of legislative action and that no statute should be held unconstitutional unless its infraction of constitutional principles is so plain and palpable to admit of no reasonable doubt. Kramer v. Bon Homme County, 83 S.D. 112, 155 N.W.2d 777. However, as stated in Codington County v. Board of Com'rs of Codington County, supra, on the scope of appeal to the circuit court it "seems to us there must be a limit somewhere."

█ We conclude Ch. 254, Laws of 1965, in naming a circuit judge as a member of this Mediation Board is an attempt to impose nonjudicial duties on him, which duties he shares with administrative members appointed by the disputants and the executive department, which members may overrule his decision and thus it violates our constitutional provisions as to separation of powers; that his membership is an integral part of the operation of the act and the legislature would not have passed it without that provision as to his membership and therefore the whole act must be held unconstitutional. State v. Wilder, 73 S.D. 330, 42 N.W.2d 891.

This is not to say, as the opinions cited indicate, a judge may not perform administrative duties incidental to the exercise of judicial powers or which have some reasonable connection with a judicial purpose (Richardson opinion, supra) or which involve a single act such as approval of a bond, State ex rel. Patterson v. Bates, 96 Minn. 110, 104 N.W. 709, 113 Am.St.Rep. 612. Nor do we express any opinion whether or not a Mediation Board properly constituted may determine such disputes under appropriate guidelines.

The judgment is affirmed. No costs are to be taxed.

HANSON, P. J., and RENTTO, BIEGELMEIER and HOMEYER, JJ., concur.

ROBERTS, J., concurs in result.