Leslie **MOELLER**, Petitioner and Appellant,

v.

**STATE of South Dakota, Respondent and Appellee.**

No. 17228.

Supreme Court of South Dakota.

Argued Jan. 7, 1991.

Decided Aug. 14, 1991.

Dennis H. Hill of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for petitioner and appellant.

Sheri Sundem Wald, Asst. Atty. Gen. (Roger A. Tellinghuisen, Atty. Gen., on brief), Pierre, for respondent and appellee.

WUEST, Justice (on reassignment).

Leslie Moeller (Moeller) appeals the decision of the Commissioner of Claims (Commissioner) granting summary judgment on his claim for money damages against the State of South Dakota (State) under the State's claim procedure. SDCL ch. 21–32. The Commissioner granted summary judgment ruling Moeller's claim was barred by SDCL 21–32–2, the applicable statute of limitations. We reverse.

## FACTS

Moeller was born on September 1, 1957. On November 10, 1974, a then seventeen-year-old Moeller was arrested and charged with grand larceny. On January 2, 1975, Moeller was transferred from county district court (juvenile court) to circuit court to face criminal charges as an adult. On January 10, 1975, Moeller was convicted of grand larceny and sentenced to serve one year.

On three occasions, Moeller challenged his transfer to and conviction in circuit court. The first two attempts were brought as applications for writs of habeas corpus. *Moeller v. Solem*, 363 N.W.2d 412 (S.D.1985) (*Moeller I*), challenged Moeller's conviction on the grounds that a juvenile transfer hearing was not held, and *Moeller v. Solem*, 395 N.W.2d 165 (S.D.1986) (*Moeller II*), challenged the validity of the conviction on grounds that there was no record of a transfer hearing. Both habeas writs were denied as moot.

The 1986 appeal produced a dissenting opinion by Justice Sabers which, in part, stated the court should issue a writ of coram nobis in accordance with *Petition of Brockmueller*, 374 N.W.2d 135 (S.D.1985). Moeller filed such a writ on January 12, 1987, and on March 5, 1987, he was granted an order vacating the judgment of conviction.

On February 22, 1988, Moeller filed a verified petition for damages pursuant to SDCL ch. 21–32. In this petition, Moeller alleged he sustained damages during his incarceration pursuant to the January 10, 1975 judgment of conviction that was vacated on March 5, 1987. State filed a motion for summary judgment, arguing Moeller's claim was barred by the statute of limitations and the doctrines of judicial and prosecutorial immunity. The Commissioner granted State's motion and dismissed the claim. Moeller appeals.

## ISSUES

1.  Was Moeller's claim barred by the statute of limitations?
2.  Was Moeller's claim barred by the doctrine of absolute immunity?

## ANALYSIS

■ Before reaching the merits of this appeal, we address State's contention that we lack jurisdiction to consider this appeal. We assert jurisdiction of this matter in accordance with Article V, Section 5, of the South Dakota Constitution, which states:

The Supreme Court shall have such appellate jurisdiction as may be provided by the legislature, and the Supreme Court or any justice thereof may issue

any original or remedial writ which shall then be heard and determined by that court.

In *Burns v. Kurtenbach,* 327 N.W.2d 636 (S.D.1982), this court extended original jurisdiction to an action in the nature of quo warranto. We held the 1972 constitutional amendment governing appellate jurisdiction of the Supreme Court and original jurisdiction of circuit courts in no way limited the powers granted by prior provisions with regard to original jurisdiction of the Supreme Court. Prior to the 1972 amendment, Article V, Section 2 provided our court "shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law." *Burns,* 327 N.W.2d at 637.

Our jurisdictional power is not intended to replace the legislative role set forth under SDCL 21-32-7,[1] whereby findings of the Commissioner shall be submitted to the legislature for the determination of a claim against the state. Our review, in the nature of certiorari, supervises the legal determination of a circuit court judge appointed to the office of commissioner under SDCL 21-32-1.[2 & 3]

1. SDCL 21-32-7 reads:

After the conclusion of such hearing, the commissioner shall prepare his findings, fully itemized, in respect to the amount of the claim or damages. Such findings shall be filed in the office of the clerk of courts of the county in which the petition was filed and a duplicate thereof filed in the office of the Governor, who shall submit the same to the next session of the Legislature for consideration, compromise, settlement or rejection by appropriate action. The findings of the commissioner shall be advisory only, and shall not be construed or considered as an acknowledgment of liability in any manner or extent on the part of the state.

Judge Zinter, acting as Commissioner, entered "summary judgment," in effect dismissing Moeller's claim without an appeal procedure. If this court were to hold that it has no jurisdiction over this appeal, we would leave Moeller in a most untenable position: no right to appeal the dismissal and no findings which have been filed with the Governor for submission to the Legislature for its consideration.

2. SDCL 21-32-1 provides:

### 1. *Statute of Limitations*

We turn now to the merits of Moeller's appeal. SDCL ch. 21-32 generally addresses remedies against the State, and in that regard SDCL 21-32-2 specifically states: "Action on any claim on contract or tort against the state shall be commenced within *one year after same has arisen.*" (Emphasis added.) The Commissioner determined Moeller's claim was not timely filed. We disagree.

Moeller's claim for damages under SDCL ch. 21-32 is premised upon the invalidity of his 1975 conviction. However, because judgments are presumed valid until properly vacated, 46 Am.Jur.2d Judgments, § 28, the very foundation of his claim was presumed absent. Moeller was thus precluded from bringing his claim until his conviction was set aside by the coram nobis court. *See Downton v. Vandemark,* 571 F.Supp. 40 (N.D.Ohio 1983); *Triplett v. Azordegan,* 478 F.Supp. 872 (N.D.Iowa 1977). Accordingly, Moeller's claim "arose" on March 5, 1987, the date he was granted an order vacating his conviction. His February 22, 1988 petition for damages was therefore timely filed. We reverse the Commissioner on this issue.

There is hereby created the office of commissioner of claims. The presiding circuit judge for the county in this state in which an alleged claim on contract or tort against the state has arisen shall appoint a circuit judge from the circuit for the county in which the action arose lies to act ex officio as the commissioner.

3. I would dismiss this case as later explained in my special concurrence and dissent. This is the first and I hope the last time it becomes necessary for me to dissent to my own writing. I believe an explanation is in order. A majority of the court voted to deny dismissal of the appeal. I am the lone dissenter on that issue. On the merits without my vote, the court is evenly divided. I feel an obligation to vote on the merits since the case was not dismissed. With my vote there is a majority on the merits. Under our in-house rules, the case was reassigned for me to write the majority opinion. On the dismissal issue, I have expressed views of the majority, but since I do not agree with them on that issue, I have written a dissent to the majority opinion. Although unconventional, I characterize this step as pragmatic.

## 2. *Doctrine of Absolute Immunity*

■ The State urges sovereign immunity as second issue upon which to sustain the grant of summary judgment. Moeller counters by claiming sovereign immunity is not an issue in this proceeding. We quote from his reply brief, "Moeller does not seek to hold judge, prosecutor, or state "liable" for his damages; he seeks only to have his claim examined and reported in accordance with these statutory provisions," referring to SDCL ch. 21–32. We further quote from his brief, "if the State were allowed to raise the immunity of each employee or agent as a defense to every claim ever filed under SDCL 21–32–1 *et seq.,* no claim could ever be considered. Such a result renders the claim statute meaningless."

We agree with Moeller. SDCL 21–32–1 creates the office of commissioner of claims to hear alleged claims against the state on contract or tort. The statute further provides for a circuit judge to act ex officio as the commissioner of claims.[4] SDCL 21–32–3 provides a procedure for filing a petition for a just and meritorious claim against the State for the payment of which no appropriation exists. Service upon the Attorney General is required by SDCL 21–32–4 in the manner of service of a summons in civil actions. The statutes direct the commissioner to set a hearing date at which the commissioner hears evidence in support of, or in opposition to, such claim. It is further provided evidence in connection with the merits of such claim shall be in conformity with the rules of evidence in civil proceedings. SDCL 21–32–7 requires the commissioner to prepare his findings fully itemized in respect to the amount of the claim or damages which must be filed with the Governor, who must submit the same to the next session of the Legislature for consideration, compromise, settlement or rejection. The findings of the commissioner are advisory only, and do not acknowledge liability in any manner or extent on the part of the state.

It is obvious the Legislature is the final arbitrator as to whether or not the claim is paid. If they pay the claim, sovereign immunity, in effect, is waived. Or, they may decline payment on the basis of sovereign immunity, or for any other reasons.

This court said in *Conway v. Humbert,* 82 S.D. 317, 323, 145 N.W.2d 524, 528 (1966):

> The legislature has provided a procedure for the investigation of claims arising on contract or tort against the state and for the payment of which there are no available appropriations. SDC 1960 Supp. 33.43. The commissioner of claims is empowered to hear and consider evidence and make findings and recommendations to the legislature. This act specifically provides that the "findings of the commissioner shall be advisory only, and shall not be construed or considered as an acknowledgment of liability in any manner or extent on the part of the state." *This statute creates a legislative instrumentality or agency authorized to find or determine facts. The powers and functions of the commissioner are not judicial.* Sovereign immunity of the state is not waived and liabilities of the state are not enlarged.[5] (Emphasis added).

We reverse the Commissioner on both issues.

HERTZ, Circuit Court Judge, Acting as Supreme Court Justice, concurs.

HENDERSON, J., concurs specially.

SABERS, J. and AMUNDSON, Circuit Court Judge, concur in part and dissent in part.

---

4. No issue has been presented concerning the constitutionality of a circuit judge acting as claims commissioner, so we do not express any opinion, *but see Application of Nelson,* 83 S.D. 611, 163 N.W.2d 533 (1968).

5. We question whether the rules of civil procedure (i.e., summary judgment) apply. This is not a judicial proceeding. True, the statute says the rules of evidence apply and service of the petition shall be made like a civil summons, but it is silent regarding the other rules of civil procedure. However, since this issue was not raised or briefed by the parties, we decline to rule upon it.

WUEST, J., concurs specially in part and dissents in part.

AMUNDSON, Circuit Court Judge, sitting for MILLER, C.J., disqualified.

HENDERSON, Justice (specially concurring).

In concurring to the majority opinion in chief, it is my opinion that Judge Zinter, acting as a commissioner, must now proceed to have a hearing, prepare his findings, and file them pursuant to SDCL 21–32–7. When he has accomplished this—the State of South Dakota is still not liable for a penny to Moeller. His findings are advisory only. South Dakota, and its people, are only liable to that extent which the State Legislature determines in the 1992 Legislative Assembly. The 1992 State Legislature may compromise, settle, or reject Moeller's claim.

We are not confronted with a Henny–Penny, catastrophic situation. The sky has not fallen because this walnut dropped into the South Dakota Supreme Court.

Plausible it is not—to hold that the one-year statute of limitations via SDCL 21–32–2 commences on a damage claim *prior* to the date the conviction was vacated by Judge McKeever—when no valid damage claim can be made before that time—for such a conclusion would run afoul of the constitutional infirmities of the statute of limitations struck down in *Daugaard v. Baltic Co-op. Bldg. Supply Ass'n.*, 349 N.W.2d 419 (S.D.1984).

SABERS, Justice (concurring in part and dissenting in part).

I agree that this court has jurisdiction over this appeal but would hold that Moel-

ler's claim is clearly barred by SDCL 21–32–2, which states: "Action on *any* claim on contract or tort against the state shall be commenced within one year after same has arisen." (Emphasis added.) In the absence of fraud, continuing treatment or representation, South Dakota recognizes the occurrence rule, not the discovery rule. *Kurylas, Inc. v. Bradsky*, 452 N.W.2d 111, 114–15 (S.D.1990); *Schoenrock v. Tappe*, 419 N.W.2d 197, 199–200 (S.D.1988); *Wells v. Billars*, 391 N.W.2d 668, 672–73 (S.D.1986) (Morgan, J., dissenting). *See also Deutz & Crow v. State Cement Plant Com'n*, 466 N.W.2d 631, 636–37 (S.D.1991); *Alberts v. Giebink*, 299 N.W.2d 454, 456 (S.D.1980).

Since Moeller's claim against the state occurred while he was a minor, he had until majority plus one year to assert same. SDCL 15–2–22(1); 26–1–1. Moeller turned nineteen on September 1, 1979, and his claim has been barred since that date. SDCL 21–32–2.

A claim arises when an event occurs, or is discovered, not when a court subsequently recognizes the event and vacates a judgment concerning that event. This court has never before held that a claim did not arise until the date a court subsequently vacated a judgment concerning a prior event as opposed to the date of the event itself. The majority opinion discards all prior case law concerning the "occurrence rule" and the "discovery rule" and adopts a previously unknown rule presumably to be called the "vacation of judgment rule." I want no part of this new rule and respectfully dissent therefrom.*

> We have consistently held that the constitutionality of a statute cannot be raised for the first time on appeal. *Carr v. Core Industries*, 392 N.W.2d 829 (S.D.1986); *Bayer v. Johnson*, 349 N.W.2d 447 (S.D.1984); *Mayrose v. Fendrich*, 347 N.W.2d 585 (S.D.1984). For an appellate court to consider an issue and make a decision on an incomplete record on questions raised before it for the first time would, in many instances, result in injustice, and for that reason courts ordinarily decline to review questions raised for the first time in the appellate court.

---

* The irony of this case is exceeded only by the disruption to settled law:

1. The settled law is tossed out like an old pair of shoes.
2. The "new rule" could haunt this court for years if attempts are made to apply it to contracts, torts and other obligations.
3. Writing specially, the author of the majority opinion, dissents from his own work on the basis of the doctrine of separation of powers, constitutionality of the claims statute, and lack of statutory grounds for appeal.
4. He does so despite his writing in *Sharp v. Sharp*, 422 N.W.2d 443, 445 (S.D.1988), where he states for the majority:

AMUNDSON, Circuit Judge (concurring in part and dissenting in part).

I agree with the majority's holding on jurisdiction. Moeller presents three arguments in his effort to succeed on his claim for damages. First, Moeller asserts that he was required to prove the invalidity of his conviction before bringing a claims action. Second, he argues that the doctrine of collateral estoppel prevented his claims action at any time before his conviction was removed. Third, Moeller presents a continuing tort theory for staying the statute until his conviction was held invalid.

Moeller's three arguments are basically the same. He argues that in order to succeed in his claim for damages, he was first required to prove that the 1975 conviction was invalid. I agree, but note that nothing prohibited Moeller from bringing a claim based on his invalid conviction and damage action together.[1] In doing so, Moeller would have avoided the issue of collateral estoppel which prohibits relitigating issues that could have been raised previously. *Black Hills Jewelry Mfg. v. Felco Jewel Ind.*, 336 N.W.2d 153 (S.D.1983).

Moeller cites *Dees v. Murphy*, 794 F.2d 1543, 1545 (11th Cir.1986), wherein the court held that Dees, a federal prisoner, could not bring a civil rights action (42 U.S.C. § 1983) until he had first exhausted federal habeas corpus remedies. On the two occasions that Moeller attempted habeas relief he was precluded from reaching any issues due to a moot claim. (He was not restrained or incarcerated.) *Moeller I* and *II*. In Moeller's first two appeals, his singular goal, using the writ of habeas corpus, was to have the 1975 grand larceny conviction held null and void. On both occasions, habeas relief was inappropriate.

In Moeller's application for writ of habeas corpus in July of 1985, *Moeller II*, he urged the habeas court to adopt the law of the case doctrine based on the holding in *Moeller I*. The doctrine requires that a decision on a former appeal be followed in any subsequent proceedings unless newly discovered evidence exists which is substantially different. *See First Western Bank v. Live Stock Yards Co.*, 466 N.W.2d 853 (S.D.1991); *Western States Land & Cattle Co. v. Lexington Ins. Co.*, 459 N.W.2d 429 (S.D.1990); *Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251 (S.D.1974). Moeller argued in *Moeller I* that he had new evidence which addressed "the vital issue" that no transfer hearing was held in accordance with SDCL 26–11–4 and that such new knowledge, published as fact in *Moeller I* should be judicially noticed under the doctrine. In his legal memorandum in support of his second application for writ of habeas corpus he wrote:

> Clearly the effects of the invalid conviction ... warrant review [through habeas corpus]....
>
> Even though ten years have elapsed since the questioned conviction, [Moeller] can show that his application is one of a colorable claim of innocence and demonstrate that a significant miscarriage of justice has occurred and further show that his claim is based on ground which he couldn't have had knowledge by the exercise of reasonable diligence and could not have discovered earlier.

In *State v. St. Cloud*, 465 N.W.2d 177, 179 (S.D.1991), this court affirmed that " '[one] who has taken a position in a judicial proceeding may not later take a position inconsistent with his earlier position.' " (Brackets in original.) *See Federal Land Bank of Omaha v. Johnson*, 446 N.W.2d 446, 447 (S.D.1989). Although I would not decide this case on the basis of "judicial estoppel" as recognized in *St. Cloud*, I find Moeller's awareness of his constitutional injury in 1985 determinative for purposes of SDCL 21–32–2. Moeller knew or should have known his damage claim arose at that

---

1. In *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308, 313 (1980), the United States Supreme Court held that where a party has not had a "full and fair opportunity" to contest or litigate a decision in an earlier case being pled as a bar to his present claim that the doctrines of res judicata and collateral estoppel could not be relied on to preclude relitigation of the prior decision. In this case, Moeller did not appeal his 1975 conviction, so there has been no ruling on the validity of his transfer to adult court in the 1975 proceeding.

time. *See Deutz & Crow Co., Inc. v. State,* 466 N.W.2d 631 (S.D.1991).

Moeller asserts the theory that he suffered a continuing tort[2] so long as his conviction remained in existence, and the cause of action commenced only when "the wrong terminated." *Citing Tripplet v. Azordegan,* 478 F.Supp. 872 (N.D.Iowa, W.D.1977), Moeller argues that each day he was deprived of his constitutional rights constituted a new violation. The wrong Moeller suffered was a due process violation of his transfer to adult court in 1975. The question is not whether there has been a termination of a wrong, but whether there has been a determination that the wrong existed. Even with the benefit of a discovery rule, our decision in *Moeller I* was handed down on February 27, 1985, and this is the last possible discovery date that Moeller had available for purposes of SDCL 21–32–2.

Although hindsight has given us an advantageous view on the statute of limitations question, Moeller's legal strategy in light of his damage claim was not timely. Moeller could have brought a corum nobis at any time after his 1975 conviction or Moeller could have contested the use of the conviction in any subsequent habitual proceeding because an invalid conviction may not be used to support a supplemental information for habitual offender status. *See Application of Garritsen,* 376 N.W.2d 575 (S.D.1985). Moeller could have brought a claims action any time after his release from incarceration in 1975. This leads me to the long-held principle that ignorance of legal rights does not toll a statute of limitations. *Larson v. American Wheel and Brake, Inc.,* 610 F.2d 506 (8th Cir.1979).

Whether this court applies the occurrence or the discovery rule, the record clearly reflects that Moeller was aware of the defect in his transfer hearing at least as early as 1985, but chose to sit idly by for four years before commencing this action. The mere fact that his conviction remained on the books should not exonerate Moeller from his inertness.

Commissioners grant of summary judgment should be affirmed as to Issue I.

WUEST, Justice (concurring specially in part and dissenting in part).

Based upon the learned text of Senior United States Circuit Judge Ruggero J. Aldisert, I write specially to express my opinion on the matters the majority does not join. As Senior Judge Aldisert states:

> The author of a majority opinion may be placed in a position where other members of the majority are not willing to go as far as he does. Under such circumstances, it is entirely proper for the majority-writing judge to add a concurring opinion of [his] own.

*Opinion Writing,* § 11.4, at 168 (1990).

I question the propriety of the circuit court setting aside the judgment[1] in response to the gratuitous legal advice of Justice Sabers in his dissenting opinion in *Moeller II.* When Judge Jones sentenced Moeller, *Runge v. State,* 86 S.D. 9, 190 N.W.2d 381 (1971) was the law and is respectable authority for the validity of the judgment. We denied habeas twice, albeit for procedural reasons. Be that as it may, the coram nobis judgment was never appealed and its correctness is not an issue in this proceeding.

SDCL ch. 21–32 provides for the office of commissioner of claims. It further provides for the appointment of a circuit judge to act ex officio as commissioner. SDCL 21–32–7 provides:

> [T]he commissioner shall prepare his findings, fully itemized, in respect to the amount of the claim or damages. Such findings shall be filed in the office of the

---

2. A continuing tort is based on continued unlawful acts and not on continuing ill effects from the original unlawful act. *Collins v. United Airlines, Inc.,* 514 F.2d 594 (9th Cir.1975).

1. We note that Circuit Judge Zinter was not the circuit judge who set aside the judgment.

clerk of courts of the county in which the petition was filed and a duplicate thereof filed in the office of the Governor, who shall submit the same to the next session of the Legislature for consideration, compromise, settlement or rejection by appropriate action. The findings of the commissioner shall be advisory only, and shall not be construed or considered as an acknowledgment of liability in any manner or extent on the part of the state.

By the plain terms of this chapter, the appointed circuit judge does not act as a circuit judge. It appears to me he is an agent of the Legislature since the Legislature makes the final decision as to whether or not a claim is paid. This may violate the separation of powers doctrine. *Application of Nelson,* 83 S.D. 611, 163 N.W.2d 533 (1968).

Finally the State urges dismissal of this appeal because SDCL 21–32–1 *et seq.* does not provide for an appeal.[2] Since the commissioner of claims is a legislative instrumentality or agency *Conway v. Humbert,* 82 S.D. 317, 145 N.W.2d 524 (1966), and no provision is made for an appeal to this Court, I would grant the State's motion to dismiss. *South Dakota Dept. of Transp. v. Freeman,* 378 N.W.2d 241 (S.D.1985).

Although I would dismiss the appeal, a majority of the court holds otherwise. I have written the majority opinion accordingly.

**2.** For the benefit of Justice Sabers, I am not urging constitutional grounds for dismissal of the appeal, rather lack of statutory grounds for an appeal. Please read *South Dakota Dept. of Transp. v. Freeman, infra.*